CITY OF PATERSON, PROSECUTOR, v. LILLIAN PHILLIPS SMITH, DEFENDANT.

Submitted May 6, 1941—Decided May 27, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Salvatore D. Viviano,* and *John F. Evans,* city counsel.

For the defendant, *Joseph T. Lieblich.*

The opinion of the court was delivered by

PORTER, J. This case arises under the Workmen's Compensation Act.

The claim is that William J. Smith was employed in the fire department of the City of Paterson as a fireman and that he met with an accident on May 7th, 1934, while on duty at a fire in the course of his employment and that he was injured and became infected while being treated for his injuries and as a result of the infection died some three years later.

His condition of health before the accident is in dispute. It seems clearly established, however, that he was suffering from enlargement of the prostate gland and was not in good health by reason thereof. He suffered injuries to his back and groin at the fire. He was confined to hospital by reason of his injuries for about two weeks and returned to his work in about two months. It became necessary while he was in the hospital to catheterize him and the testimony was that by that operation he became infected and that thereby the prostatic gland condition became progressively worse and that surgical treatment was finally necessary, following which he died. We conclude that the testimony established that the death resulted from the condition following the infection of the prostate gland at the hospital following necessary treatment for the injuries he had received.

The prosecutor makes five points in its argument for reversal of the award. First, that the Bureau had no jurisdiction because the petition was not filed within time. Second, that the decedent's death bore no causal connection with his employment. Third, that the clear weight of the evidence does not establish a right of recovery. Fourth, that the affirmance of the award by the Court of Common Pleas was erroneous because based on the findings of fact by the Bureau rather than upon the facts adduced before it as an independent

judgment upon a trial *de novo*. Fifth, that the deceased was not an employe within the meaning of the statute.

As we have said we conclude that the testimony does establish facts which show that his death followed an infection resulting from treatment of his injuries and that there was clearly a causal connection between that condition and his employment. The rule is settled that where a pre-existing disease was caused to become acute or flare up and injury resulted therefrom rather than from the specific hurts received the same is compensable. The proximate cause is the accident which set in motion the undeveloped or latent physical defect. Sound health at the time of the injury is not the test. *Furferi* v. *Pennsylvania Railroad Co.*, 117 *N. J. L.* 508.

Was the petition filed within time? The deceased was hurt May 7th, 1934. On August 22d, 1936, an informal hearing was had and an award made and agreed to. On April 7th, 1938, the widow filed a petition. We think that the voluntary payment by the city of the award of August 22d, 1936, gave the petitioner two years from that date. The petition having been filed within that period was within time. *N. J. S. A.* 34:15-51. *Cf. King* v. *Western Electric Co.*, 122 *N. J. L.* 442.

We find no merit in the point that the Common Pleas Court did not find its facts from the testimony before it. *N. J. S. A.* 34:15-66 provides for an appeal in a workmen's compensation case to the Court of Common Pleas and that the judge shall "in a summary manner decide the merits of the controversy." Such appeal is decided by that court exclusively on the transcript of the record and testimony; it is a proceeding *de novo*, providing a new mind for the consideration of the testimony adduced. *Sweingard* v. *Richards*, 118 *N. J. L.* 394; *Calicchio* v. *Jersey City Stock Yards Co.*, 125 *Id.* 112. We conclude from a reading of the memorandum of the Common Pleas Judge that he did in fact come to his findings from the testimony before him independently of the proceedings before the Bureau.

Finally the death of deceased is compensable by *N. J. S. A.* 34:15-43 which expressly provides that every employe of the state, county or municipality "who may be injured in line of duty shall be compensated under and by virtue of the pro-

visions of this article and article 2 of this chapter  *  *  *."
Several cases so hold.  Typical of which is *McAnney* v. *Galloway Township*, 120 *N. J. L.* 311.

The writ is dismissed, with costs.