JULIA VALENTINE, PETITIONER-DEFENDANT, v. WALTER KIDDE & CO., RESPONDENT-PROSECUTOR.

Submitted May 6, 1947—Decided November 5, 1947.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the respondent-prosecutor, *John W. Taylor.*

No appearance for the petitioner-defendant.

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. On August 17th, 1946, Mrs. Julia Valentine, as claimant, filed with the Workmen's Compensation Bureau her petition for compensation because of the

death of her husband on May 12th, 1946, said to have been the result of an accident which happened in the month of February, 1944. On October 10th, 1946, the respondent moved the dismissal of the petition upon the ground that the petition was not filed within two years from the date of the accident or within two years from the date of any compensation to the petitioner's decedent and that, therefore, the Bureau was without jurisdiction. The motion was denied without the filing of any reasons for the denial.

By *R. S.* 34:15–41 it is provided that in case of personal injury or death all claims for compensation on account thereof shall be forever barred unless the petition is filed with the secretary of the Workmen's Compensation Bureau as prescribed by *R. S.* 34:15–51. The latter section provides that every claimant "shall, unless a settlement is effected or a petition filed under the provisions of section 34:15–50 of this title, file a petition in duplicate with the secretary of the bureau in his office, at the state house, in Trenton, within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between the employer and the claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation." There is no showing or allegation of any of the exceptions named in the statute. The time period is jurisdictional. *Miller* v. *Beller Electric Supply Co.,* 100 *N. J. Eq.* 444; *Herbert* v. *Newark Hardware, &c., Co.,* 107 *Id.* 24; *affirmed,* 109 *Id.* 266. *Cf. Stockheimer* v. *The Carwin Co.,* 135 *Id.* 49. The failure to file the petition within the statutory period barred the proceeding.

The order in the Workmen's Compensation Bureau will be reversed, with costs. The record will be remanded to the end that an order dismissing the petition be entered.