26 N.J. Super. 1 (1953)
96 A.2d 765
LOUIS RICCIONI, PETITIONER-APPELLANT,
v.
AMERICAN CYANAMID CO., CALCO CHEMICAL DIVISION, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1953.
Decided May 13, 1953.
*2 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Thomas L. Parsonnet argued the cause for appellant (Messrs. Parsonnet, Weitzman & Oransky, attorneys).
*3 Mr. Frederick W. Hall argued the cause for respondent (Messrs. Wharton, Hall, Stewart & Halpern, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
It is represented to us that the present appeal introduces a virgin point in the interpretation and construction of sections 34:15-41 and 34:15-51 of our Workmen's Compensation Law. R.S. 34:15-1. The point, on its way to us from the initial determination by the Deputy Director in the Workmen's Compensation Division, received the very intelligent consideration of Judge Arthur B. Smith of the Somerset County Court, whose opinion is reported in 23 N.J. Super. 465 (Cty. Ct. 1952).
It is expedient here to reproduce from that opinion the statement of what we are told are the stipulated and uncontroverted facts:
"* * * The petitioner suffered an accident arising out of and in the course of his employment on December 7, 1942. After the accident, the respondent furnished three or four medical treatments to petitioner, the last on December 14, 1942. Petitioner lost no time from his work and continued his employment regularly with the respondent until he had an epileptic seizure, for which he obtained treatment, in the year 1948. He was suspended from his work on June 23, 1948 and did not return to his work until November 21, 1948. During this period of time he applied for and was paid accident and health insurance benefits on the basis of a non-compensable condition. On respondent's application, an order was entered in the Division of Workmen's Compensation on November 19, 1948, pursuant to the provisions of Rev. Stat. 34:15-16, permitting the respondent to pay the cost of certain medical treatment necessitated by the petitioner's epileptic seizures, which costs had been incurred by the petitioner during the aforementioned absence from work and without any request to respondent to furnish such treatments. This order, as permitted by the statute, reserved the respondent's defenses in connection therewith, and particularly the defense of jurisdictional limitation. The respondent thereupon paid these expenses. Subsequently, in the months of May and June, 1949, respondent, at petitioner's request, and without the benefit of any such order, paid certain bills for additional medical treatments obtained by petitioner, again without any request to respondent to furnish treatment. Petitioner was again suspended from work on July 20, 1949 and has not worked for respondent since. He has been paid private plan disability benefits, plus supplemental coverage, for the period from July 20, *4 1949 through January 25, 1950. Such payments were also made on the basis of a non-compensable condition. Respondent acknowledged that in March, 1950 petitioner was suffering from the effects of a post traumatic epilepsy, as a result of the December, 1942 accident. That he is totally and permanently disabled is not disputed.
Petitioner's claim petition in this action was not filed until November 23, 1949. In this posture of admitted and determined facts, the Deputy Director found the sole question for determination to be whether petitioner's claim petition, based on the accident of December 7, 1942, had been filed within the time required by the provisions of Rev. Stat. 34:15-41 and Rev. Stat. 34:15-51."
The deputy director found adversely to the petitioner. On appeal the County Court resolved that the deputy director justifiably dismissed the petition. The propriety of the latter judgment is now submitted to us.
It is imperative primarily to recognize the pertinent provisions of the statute. R.S. 34:15-41 provides:
"In case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed in duplicate with the secretary of the workmen's compensation bureau, as prescribed by section 34:15-51 of this title."
The implicated portion of section 34:15-51 reads:
"Every claimant for compensation under article 2 of this chapter (§ 34:15-7, et seq.) shall, unless a settlement is effected or a petition filed under the provisions of section 34:15-50 of this title, file a petition in duplicate with the secretary of the bureau in his office, at the state house, in Trenton, within two years after the date on which the accident occurred, * * * or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation. Any payment made in accordance with the provisions of article 2 of this chapter (§ 34:15-7, et seq.) shall constitute an agreement for compensation." (Emphasis supplied)
Then, too, the premise must be preliminarily acknowledged that the statutory limitations of time are jurisdictional. Valentine v. Walter Kidde & Co., 136 N.J.L. 292 (Sup. Ct. 1947).
Another acceptable premise is that medical treatment furnished to the injured employee and paid for by the employer is ordinarily regarded as in effect a partial payment *5 of compensation within the import of the act. Donoher v. American Steel & Wire Co., 2 N.J. Super. 72 (App. Div. 1949); Sampson v. Thornton, 8. N.J. 415 (1952); 144 A.L.R. 617. However, the correlation and inter-connection between the payment by an employer for medical treatment received by the employee and workmen's compensation are not to be considered conclusive in all cases.
Still another forethought is that the Workmen's Compensation Act should be liberally construed to effectuate its manifest purpose. Furferi v. Pennsylvania R.R. Co., 117 N.J.L. 508 (E. & A. 1937); Granahan v. Celanese Corp. of America, &c., 3 N.J. 187 (1949); Sampson v. Thornton, supra. But it must be realized that the Compensation Bureau is a creature of the statute and that its special and limited jurisdiction cannot be inflated by consent, waiver, estoppel, or judicial inclination. Nagy v. Ford Motor Co., 6 N.J. 349 (1951). Workmen's compensation, however munificently recognized by recent decisions, has not yet been expressly declared to be the identical equivalent of workmen's accident insurance.
It is with a comprehension of the aforementioned basic concepts that the issue debated in the present appeal is considered.
The suggested novelty of this proceeding seems to inhere particularly in the applicability of the third limitation embodied in section 34:15-51 to the admitted factual circumstances. And so an unmitigated treatment of the import of the section in relation to the many diversified situations that can be envisioned is not necessary. The scope of the present appeal, as we perceive it, may appropriately be confined to the narrow question whether this is a case in which "a part of the compensation has been paid by the employer" where the petition may be filed within two years after the last payment. Was the payment made by the employer in the circumstances of the present case the kind of a payment that tolled the statute or revived the claim?
The interpretative import and applicability of that statutory provision has received previous judicial attention in *6 such relatively recent cases in our jurisdiction as Paterson v. Smith, 126 N.J.L. 571 (Sup. Ct. 1941); Betsy Ross Ice Cream Co. v. Greif, 127 N.J.L. 323 (Sup. Ct. 1941); Fischbein v. Real Estate Management, Inc., 131 N.J.L. 495 (Sup. Ct. 1944), affirmed 132 N.J.L. 418 (E. & A. 1945); Donoher v. American Steel & Wire Co., supra; Jensen v. Wilhelms Construction Co., 18 N.J. Super. 372 (App. Div. 1952); vide, also, Oldfield v. New Jersey Realty Co., 1 N.J. 63 (1948); Harper v. New Jersey Mfrs. Cas. Ins. Co., 1 N.J. 93 (1948); Allord v. Henry Muhs Co., 10 N.J. Misc. 1230 (Sup. Ct. 1932), affirmed 111 N.J.L. 237 (E. & A. 1933).
Workmen's Compensation Acts uniformly contain a provision which in substance declares that where there has been a payment of compensation to an injured employee by the employer or his insurance carrier, a claim for compensation may be made within a specified time after the last payment, and the many reported decisions relating to the employer's invocation of such a provision have been collated in the annotation in 144 A.L.R. 606. Also consult 2 Larson's Workmen's Compensation Law 270, § 78.43(b). A prompt expression of our decision enjoins an analogical exposition of the individual cases cited therein.
It is manifest that a cogent object of the provision is to prevent employers and their insurers from lulling the injured employee into a false assumption of security and consequential inaction and tardiness by means of voluntary assistance. The voluntary aid which postpones, preserves, or revives the claim must, however, be of the nature, character, and essentiality of a workmen's compensation fractional contribution. It must be "a part of the compensation." It seems unlikely, for example, that a gift of a box of candy or carton of cigarettes would be so designated.
It is therefore judicious to consult the facts of the present case to ascertain whether the payment last made was in fact disbursed by the respondent and received by the petitioner on account of workmen's compensation within the meaning of the pertinent section of the statute. The preceding *7 course of conduct of the parties and the antecedent affiliated occurrences, although perhaps not legally significant, are nevertheless factually illuminating. The question is one of fact. Fischbein v. Real Estate Management, Inc., supra.
The petitioner experienced an accident on December 7, 1942. While in the pursuit of his employment a drill fell upon him, ostensibly causing a laceration of his scalp in the left temporal area. X-rays of the skull were negative. The laceration promptly healed and he was discharged from medical treatment one week later. He lost no time from his regular employment on that occasion. No compensation was paid, and he continued thereafter regularly to pursue his employment.
On June 21, 1948, while at work, he suffered an epileptic seizure and for a period of time was unable to perform his services. It is significant to note that during his absence from work and upon his application to the respondent, he was paid health insurance benefits on the basis of a non-compensable condition at the rate of $35 per week, amounting in the aggregate to $725.
In the fall of 1948 the petitioner resumed his employment and asked respondent if it would pay certain bills incurred by him during his absence for medicinal aid and for the services of the physicians. The respondent resolved to do so and in this instance precautiously applied to the Division for an order authorizing such disbursements, with the reservation of the defense of jurisdictional limitation pursuant to R.S. 34:15-16 as amended. Such an order was entered on November 19, 1948, and the disbursements were accordingly made. This course of procedure tends to refute the acknowledgment by the respondent of any liability for the payment of workmen's compensation.
The petitioner continued in the employ of the respondent until July 20, 1949, when his mental state occasioned his suspension from work. He again applied for and has received private plan disability benefits for a noncompensable condition to the limit available to him, totaling $1,040. *8 The nature of the insurance for which the petitioner applied and which was granted to him is somewhat indicative of the homogeneous state of the minds of the parties.
In the months of May and June, 1949, the petitioner asked the respondent to reimburse him for certain sums he had paid and others that he owed for medical treatment which he had independently obtained during the early part of 1949. They amounted to about $135 in all. Admittedly, the petitioner had not previously requested the respondent to furnish him with the medical treatment, nor had the respondent previously authorized its rendition. On these occasions, so remote in time from the occurrence of the accident in 1942, the respondent in the circumstances chose to aid the petitioner by paying the bills and evidently deemed the procurement of a protective order unnecessary.
No claim appears to have ever been made by the petitioner for workmen's compensation until the filing of his petition on November 23, 1949, almost seven years after the mishap in 1942. Meanwhile the acknowledged existence of any statutory responsibility on the part of the respondent to supply workmen's compensation to the petitioner does not appear to have been lodged in the minds of either.
The petitioner continued regularly to pursue his employment during the years succeeding the accident. He was doubtless regarded by the respondent as a trustworthy employee. The respondent did nothing of an artful or cunning immanence to hush the petitioner but rather manifested an inclination voluntarily to lighten the petitioner's own obligations.
Assuredly the petitioner's claim for compensation was "forever barred" at the expiration of "two years after the date on which the accident occurred" unless the circumstances place it in the statutory category of a claim on account of which there has been within two years preceding the filing of the petition a partial payment of compensation or a "payment made in accordance with the provisions of article 2" of R.S. 34:15-7, et seq.
*9 We are not insensible to the information that the petitioner is now totally disabled from resuming remunerative employment and that the accident in 1942 was probably the causative origin of his present condition. We are sympathetic, but the judiciary is not at liberty in matters of jurisdiction to subordinate the requirements of the law to the natural influences of sentiment and benevolence. The considerations that count chiefly in the present case are the facts.
We conclude, as did the deputy director and the County Court, that in the circumstances of the present case no such payment within the contemplated and intended import of the statutory provision was made by the respondent in May or June of 1949.
The judgment is affirmed without costs.