RUBE C. ADAMS *v.* J. E. PATTERSON.

*(Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

JOSEPH L. LACKEY, of Nashville, for petitioner.

MURRAY & PEELER, of Waverly, for respondent.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is a Workmen's Compensation Case appealed by employee Adams. The sole question is whether payments made by employer Patterson were payments of compensation within the meaning of Code Section 50-1003, T. C. A., so as to extend the time for filing a claim for compensation. That code section is:

"The right to compensation under the Workmen's Compensation Law shall be forever barred, unless within one (1) year after the accident resulting in injury or death occurred the notice required by § 50-1002 is given the employer and a claim for compensation under the provisions of this law is filed with the tribunal having jurisdiction to hear and determine the matter; *provided that, if within said one (1) year period voluntary payments of compensation are paid to the injured person or his dependents, an action to recover any unpaid portion of the compensation, payable under this law, may be instituted within one (1) year from the time the employer shall cease making such payments.* * * *.*" (Emphasis supplied.)

Adams was injured on December 8, 1953. His wage was $39 per week at that time. So for the period of total

disability he was entitled to payment of sixty (60%) percent of $39 per week, which is $23.40. Patterson paid him $30 per week until August 28, 1954. Then he stopped. On January 25, 1955 Adams instituted this suit. This is more than one year after the injury, but less than a year after the last payment of $30 in August, 1954.

The Trial Judge found from the evidence that the statute was not tolled by these weekly payments of $30; hence, that the statute had run before the commencement of the suit. The Court observed that "the question is largely one of intent to be determined from the facts of the case." He concluded from the evidence that "there was no agreement between the parties that this was to be Workmen's Compensation, so the Court finds as a fact that these payments of $30 per week were merely a gratuity and not considered by the parties as compensation provided by the Statute."

█ Of course, if there is any material evidence to support the Court's finding, it is conclusive on this appeal.

The only evidence bearing on the question is that soon after Adams was injured Patterson visited him and "stated to him that in view of his injuries, *and the fact that he was unable to work* he would pay him his wages 'just like he was working' *as long as he was disabled,*" that he made such payments until August 28, 1954, at which time Patterson stated that "he had paid him as long as *he felt he was required to pay him.*" (Emphasis supplied.)

In this Court's opinion, the only conclusion permissible from the evidence above quoted is that Patterson recognized it to be a fact that the law "required" him to pay compensation to Adams while Adams "was unable to work," and that he ceased to make the payments on

August 28, 1954 because he "felt" that the situation had so changed that he "was required to pay him" no longer.

■ It is here concluded, therefore, (1) that there is no evidence to support the finding that the payments in question "were merely a gratuity" and (2) that Patterson made these payments because he recognized his liability to pay compensation to Adams for the injuries received "as long as he was disabled."

■ The Trial Judge was influenced by the fact that Patterson paid Adams $30 per week, instead of the $23.40 required by the statute. But the excess does not contradict the indisputably established fact that he recognized his liability and paid because of it, and quit when he, to use his language, "had paid him as long as he felt he was required."

The Trial Judge thought that *White* v. *Travelers Ins. Co.*, 188 Tenn. 651, 222 S. W. (2d) 1, 3, necessitated the conclusion he reached. That case and this one have much in common, but there is this distinction:—In that case the employer recognized no "liability beyond that assumed and paid". But in the instant case, Patterson recognized a liability to pay "as long as he was disabled." The petition says this disability existed at the time Patterson ceased to pay, his agreement notwithstanding, and was continuing at the time suit was instituted.

Such being the fact situation, this Court can see no escape from the mandate of Section 50-1003, wherein it is provided that if within the year of the injury "voluntary payments of compensation are paid to the injured person or his dependents, an action to recover any unpaid portion of the compensation, payable under this law, may be instituted within one (1) year from the time the employer shall cease making such payments."

Reversed and remanded for further appropriate proceedings, with costs of appeal adjudged against Patterson.