JOHN SEVIER MOTOR COMPANY

*v.*

JOE MULLINS.

(*Knoxville,* September Term, 1958.)

Opinion filed June 5, 1959.

WYNN & WYNN, Sevierville, for appellant.

OGLE & OGLE, Sevierville, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

The question presented here and argued at the Bar of this Court in this case is whether payment by an employer, insurer, of medical bills incurred by injured employee is voluntary payment of compensation to the injured person or his dependents within the meaning of Section 50-1003, T.C.A.

The trial judge held that the medical payments were voluntary and awarded compensation to Mullins, the employee, amounting to 50% permanent partial disability to his right arm.

There is no question but what the appellee's arm was injured in the course of his employment and arose out of his work at the Motor Company. It seems that for almost two years the insurance carrier paid the medical expense incurred by Mullins in the treatment of his injured arm. This suit was brought just before the year expired from the payment of the last doctor's bills.

If the payments made by the insurance carrier are treated as involuntary then under said Section 50-1003, T.C.A. the appellee's claim was barred by the one year statute of limitations, but if it is treated as a voluntary payment the statute only begins to run from the date of the last payment of the medical bill.

Section 50-1003, T.C.A. reads as follows:

"50-1003. Limitation of time—The right to compensation under the Workmen's Compensation Law shall be forever barred, unless within one (1) year after the accident resulting in injury or death occurred the notice required by sec. 50-1002 is given the employer and a claim for compensation under the provisions of this law is filed with the tribunal having jurisdiction to hear and determine the matter; provided that, if within said one (1) year period voluntary payments of compensation are paid to the injured person or his dependents, an action to recover any unpaid portion of the compensation, payable under this law, may be instituted with one (1) year from the time the employer shall cease making such payments, except in those cases provided for by sec. 50-1024."

In the case of *United States Fidelity & Guaranty Co. v. Union Railway Co.*, 182 Tenn. 412, 187 S.W.2d 615, the Court said:

"Under Compensation Law conferring upon employer having paid 'compensation' or having become liable therefor, right of subrogation against third party causing injury to employee, *'compensation' includes medical and hospitalization benefits,* notwithstanding injured employee refused to accept compensation and settled with third party."

In the case of *United States Fidelity & Guaranty Co. v. Elam,* 198 Tenn. 194, 211, 278 S.W.2d 693, 701, the Court, construing Section 6865 as it was subsequent to the 1949 Amendment, Laws 1949, c. 277 said, "there could be no doubt of the word compensation including these medical and hospital expenses"—this having been based on an amendment which reads, "The employer shall be subrogated to the extent of the amount paid or payable under this act, and shall have a lien therefor against such recovery."

As to furnishing or paying for medical or hospital services, the general rule is stated in 144 A.L.R. at page 617:

"Where the facts are sufficient to show that an employer or his insurance carrier has furnished an injured employee medical and hospital services, it is generally held that this constitutes a payment of compensation, or a waiver which suspends the running of the time for filing a claim for compensation."

In the case of *Angleton v. Foster Wheeler Const. Co.,* 177 Kan. 134, 276 P.2d 325, 326, it was held:

"Furnishing of medical aid or care by employer or its insurance carrier to a workman, following compensable injury, a tantamount to payment of compensation, and tolls statute of limitations."

It is apparent that this State is in harmony with the weight of judicial authority in recognizing medical and hospital benefits as the equivalent of compensation in these cases. Therefore, payment of these benefits within one year from the injury to the person himself

for and on behalf of the injured person, the appellee herein, affects the time for filing a claim and thereby tolls the running of the statute of limitations of one year within which suit must be brought.

It is also submitted that the medical benefits provided the appellee were voluntary payments of compensation under the said Section 50-1003, T.C.A., because there was no suit pending and no legal compulsion had forced their payment.

In the case of *Tapp v. Tapp,* 192 Tenn. 1, 236 S.W.2d 977, this Court held:

"The Workmen's Compensation Act should be liberally construed so as to secure for beneficiaries of the act every protection which it authorizes."

So we are of the opinion that the medical expenses are "compensation" within the meaning of the Workmen's Compensation Act, and for the reasons above stated, we think these payments made over a period of a year were voluntarily made, therefore, the plea of statute of limitations is without merit.

The appellant assigned as a second assignment of error that the court should not have allowed a fifty per cent (50%) permanent partial disability to the appellee's right arm but should have held that the appellee's maximum permanent partial disability is from five to ten per cent to appellee's right arm.

In the case of *Milstead v. Kaylor,* 186 Tenn. 642, 212 S.W.2d 610, this Court held:

"On appeal from judgment in compensation case, Supreme Court does not reweigh the evidence but will

search the record only so far as it is necessary to determine that there is material evidence to support the finding of trial judge."

In the case of *Key v. Briar Hill Collieries*, 167 Tenn. 229, 68 S.W.2d 115, and *United States Rubber Products Co. v. Cannon*, 172 Tenn. 665, 113 S.W.2d 1184, the Court held:

The degree of disability is purely a question of fact, and the finding of the trial judge is conclusive on appeal, if supported by material testimony.

 Now, in the present case the appellee, who was a mechanic in the Motor Company, testified that any mechanical work he does, if it involves gripping tools, using a screwdriver, or holding his arm in a particular position, whether vertical or horizontal, he does it under painful circumstances; that at times his right arm gets in the condition that he cannot straighten it out without injections; that since the accident and on up until the day the case was tried he could not fully perform his duties and it is a common thing for him to have to call other men to assist him in doing certain kinds of work required of a general mechanic.

The appellee's medical witness, Doctor Robert A. Broady, testified that he found atrophy of the muscles of appellee's right arm; that he had epicondylitis; that he found his permanent partial disability to the right arm at 75% and 50% to the body as a whole.

The trial court found that the appellee was injured while using a three pound hammer, chiselling rivets out of an automobile and missed the chisel and jerked his right arm; that the injury occurred on April 21, 1956,

while in the employment of the appellant; that the appellant paid medical bills for medical services rendered to the appellee and that constituted voluntary payments of compensation being paid to the appellee.

The appellant admits that this man had permanent partial disability to the right arm but insist that it should be no more than five to ten per cent as testified by his own medical witness, who impliedly admits that it might become necessary for the appellee to change his occupation.

We are of the opinion, therefore, that there is no error in the judgment of the lower court and it is affirmed.