60 N.J. Super. 546 (1960)
160 A.2d 80
JOHN A. DUNAY, PETITIONER-RESPONDENT,
v.
INTERNATIONAL SMELTING & REFINING CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Middlesex County Court, Law Division.
Decided March 29, 1960.
*548 Mr. William F. Nies, attorney for the petitioner-respondent (Mr. Graham Roskein, of counsel).
Messrs. Toolan, Haney & Romond, attorneys for the respondent-appellant (Mr. James P. Haney, appearing).
KALTEISSEN, J.C.C. (temporarily assigned).
This is an appeal from a final judgment of the Department of Labor and Industry, Division of Workmen's Compensation, in favor of petitioner John A. Dunay against the respondent International Smelting and Refining Co. The Deputy Director found that petitioner suffered a compensable back injury in December 1950, and awarded compensation accordingly.
Respondent urges upon this appeal that (1) petitioner did not prove by a preponderance of the credible evidence that he sustained a compensable back injury in 1950, and (2) petitioner's claim is barred by the statute of limitations under R.S. 34:15-51.
It is the duty of the reviewing court in an appeal from the Workmen's Compensation Division to weigh the evidence and determine whether the claimant has sustained the burden of proof of an accident arising out of and in the course of his employment by a preponderance of the evidence. Due regard shall be given to the Deputy Director's opinion of the credibility of the witnesses. Yeomans v. *549 City of Jersey City, 27 N.J. 496, 511 (1958); Ricciardi v. Marcalus Manufacturing Co., 26 N.J. 445 (1958); Russo v. United States Trucking Corporation, 26 N.J. 430, 435 (1958).
Upon an independent review of the record below, the court is of the opinion that petitioner has proved an accident arising out of and in the course of his employment by a preponderance of the evidence.
The petitioner testified that in the latter part of 1950 he was employed by respondent as a brakeman on a narrow gauge railroad. One night during that period, while working on the 11:00 P.M. to 7:00 A.M. shift, petitioner bent down to throw a switch on a railroad track and felt a snap in his back. At first he could not straighten up, but later he was able to complete his job. According to the petitioner, the switch was frozen. After petitioner completed his job he sat down on a bench to eat and was not able to rise.
The next day the plant doctor was called to petitioner's home to treat petitioner for his back injury. The treatments continued for four or five weeks, during which time petitioner was confined to his bed. Subsequent treatments were prescribed by the company physicians after petitioner returned to work. In 1955 and 1956 petitioner underwent surgery on the lower part of his back. Petitioner had been referred to the operating surgeon, Dr. Schwartz, by the plant physician.
Petitioner's version of the accident was corroborated by a fellow employee, Mike Yenchak, who was the engineer of the train on which petitioner was the brakeman.
Respondent argues that the testimony of the petitioner and Mike Yenchak was not credible. The court is inclined to adopt the express opinion of the Deputy Director who was "convinced of the truthfulness of their testimony."
The credible testimony that petitioner snapped his back while throwing a railroad switch and that he was immediately confined to bed for four or five weeks leads the court to find that petitioner suffered a compensable back injury. *550 Respondent did not offer any evidence which refuted the happening of the accident.
Respondent's second main contention is that petitioner's claim is barred by the two-year statute of limitations. R.S. 34:15-41; R.S. 34:15-51. Petitioner contends that he does not come within the requirement that the petition be filed within two years after the date on which the accident occurred, but that he comes within the portion of R.S. 34:15-51 which provides for filing the petition:
"* * * in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation."
The question which must be resolved by the court is whether "a part of the compensation has been paid by the employer." If so, the statutory limitation period of two years is tolled.
The record indicates that appropriate notice of the accident was furnished to the employer. The plant doctor was called at the plant dispensary and attended the petitioner. Diathermy treatments were administered to petitioner in the plant dispensary. Subsequent plant doctors provided additional treatment to petitioner. Treatment and surgery by Dr. Schwartz was furnished at the request and in behalf of the respondent. Medical treatment for Dunay was continued until January 1957.
Petitioner received $8 a week from an employee benefit association from 1950 to 1952. After 1952 the employee benefit association discontinued its $8 per week program and petitioner received "temporary disability benefits" in 1953 and 1955, under a new program, R.S. 43:21-25 et seq.
The employee benefit association is supported by weekly payments deducted from the wages of the employees by respondent company. The benefit association program is administered by a member of the respondent's personnel department. The same person also handles the workmen's compensation benefits for respondent.
*551 Petitioner did not expend any money for the medical and surgical services except that he was required to obtain donors to replace blood. The bills were paid partly by the benefit association and partly by Blue Cross and Blue Shield. The same doctors treated the employees whether the payments ultimately came from the employee benefit association or from workmen's compensation insurance.
Petitioner testified that in applying for the weekly benefits he signed a blank form given to him by an employee from the plant dispensary. The petitioner did not know what was filled in over his signature.
The court is of the opinion that the medical and surgical services and payments received by the petitioner through the employee benefit association must be considered "a part of the compensation * * * paid by the employer." Since the last treatment provided for the petitioner admittedly was within a two-year period before the institution of the workmen's compensation proceeding, the present action is timely.
Respondent notes in its brief the objects of R.S. 34:15-51. The purpose of the statutory provision for tolling the two-year limitation by payment of part compensation is to prevent employers and their insurers from lulling the injured employee into a false assumption of security and consequential inaction and tardiness by means of voluntary assistance. Riccioni v. American Cyanamid Co., Calco Chemical Division, 26 N.J. Super. 1 (App. Div. 1953). The furnishing of medical services by the employer is "payment for compensation." Sampson v. Thornton, 8 N.J. 415 (1952).
In the instant case respondent has organized an employee benefit association which appears to the workman as a company project and not as an independent entity. Petitioner testified that the company paid the benefits. As noted above, both the workmen's compensation and employee benefit programs were administered by the same person in the same office of the personnel department of respondent. The same *552 doctors provided treatment whether the case came under the employee benefit or workmen's compensation program. This arrangement certainly has the effect of lulling the employee into a false assumption of security.
The obligation to furnish medical treatment for a compensable accident under the Workmen's Compensation Act is placed upon the employer. The company was notified of the accident by petitioner. Company doctors treated petitioner for long periods of time and knew of his need for treatment. The inaction of the company in not paying for these treatments must be considered authorization to petitioner to obtain all treatment which the respondent was required to furnish. De Asio v. City of Bayonne, 58 N.J. Super. 418 (Cty. Ct. 1959); Lynch v. City of Newark, 43 N.J. Super. 546 (Cty. Ct. 1957), affirmed 46 N.J. Super. 335 (App. Div. 1957). The employer, having accepted the benefits of payment of bills by the employee benefit association properly chargeable to the respondent for services to an employee injured in a compensable accident, may not deny that treatments rendered by plant physicians were the act of the respondent. Reilly v. City of Newark, 30 N.J. Super. 72 (Cty. Ct. 1954).
The Workmen's Compensation Act, being remedial in nature, must be liberally construed to effectuate its purpose. Ciuba v. Irvington Varnish and Insulator Co., 27 N.J. 127 (1958). Petitioner may not be barred from the benefits of the workmen's compensation laws by the acts of his employer in creating a situation designed to provide a false sense of security to an injured employee. Workmen, often uneducated and foreign-speaking, cannot be required to differentiate between employee benefit and workmen's compensation programs administered by the same plant officials and the same plant doctors.
The court has very carefully considered the briefs submitted and the oral arguments independent of the findings of the Deputy Director and, for the reasons herein assigned, the judgment of the Deputy Director in favor of the petitioner shall be and is hereby affirmed.