**Ruby KIRBY, Appellant,**

v.

**KNOXVILLE NEWS–SENTINEL and the Home Insurance Company, Appellees.**

Supreme Court of Tennessee, at Knoxville.

Feb. 27, 1984.

David S. Haynes, P.C., Bristol, for appellant.

John W. Wheeler, Knoxville, for appellees.

## OPINION

COOPER, Justice.

This is an appeal from a judgment dismissing a claim for benefits under the Workers' Compensation Act. The basis for the dismissal was a finding by the trial court that the claim was barred by the one year statute of limitations set forth in T.C.A. § 50-6-203.

Appellant's husband died on July 5, 1980, from injuries received in a two-car collision. Appellant claimed and on September 25, 1980, was paid $1,250.00 in burial expenses due under the Workers' Compensation Act. No other benefit payments or expenses payments were made by the employer or by his insurance carrier.

Appellant elected to pursue an action in tort against the driver of the automobile that was in collision with the automobile driven by appellant's husband. The insur-

ance carrier for the defendant in the tort action paid its policy limits, $25,000.00, in settlement of the claim. The payment was divided between appellant and the children of her husband by a prior marriage. The exact division is not shown in the record.

Appellant took no action upon her claim for benefits under the Workers' Compensation Act until July 13, 1982, when, after a change in counsel, appellant filed the present action.

Appellant concedes that the appellees "did not by their action or inaction, cause the [appellant] to defer filing the worker's compensation action." Appellant does insist, however, that the deferred credits to which the employer would be entitled under T.C.A. § 50-6-112, are the equivalent of voluntary payments of compensation by the employer and toll the statute of limitations. The chancellor found to the contrary, and we agree.

T.C.A. § 50-6-203 provides in pertinent part that:

The right to compensation under the Worker's Compensation Law shall be forever barred, unless within one (1) year after the accident resulting in injury or death occurred ... a claim for compensation ... is filed ...; provided that, if within said one (1) year period voluntary payments of compensation are paid to the injured party or his dependents, an action to recover any unpaid portion of the compensation, payable under this chapter may be instituted within one (1) year from the time the employer shall cease making such payments, ...

It is evident that, under the above statute, appellant's cause of action is barred unless the settlement paid in the tort action can be classified as a voluntary payment by or on behalf of the employer.

The voluntary payments referred to in T.C.A. § 50-6-203, and which will toll the running of the statute of limitations, are payments by the employer or his authorized agent of compensation, or medical expenses, or burial expenses of the employee. They do not include payments by a third

party unrelated to the employer and for liability that arises outside the Workers' Compensation Act. For example, in *Union Carbide Corporation, Food Products Division, et al. v. Cannon*, 523 S.W.2d 360 (Tenn.1975), this court held that payments by the group medical carrier covering company employees could not be considered to be a "voluntary payment of compensation" within the meaning of T.C.A. § 50–6–203 and that it was not effective to toll the statute of limitations. Neither can payments in a tort action by a party unrelated to the employer be utilized to toll the statute of limitations in a worker's compensation action.

Judgment affirmed. Costs will be paid by the appellant.

FONES, C.J., and BROCK, HARBISON, and DROWOTA, JJ., concur.