24 A.3d 823 (2011)
421 N.J. Super. 480
SENTINEL INSURANCE COMPANY, LTD., a member of the Hartford Financial Group, Plaintiff-Appellant,
v.
EARTHWORKS LANDSCAPE CONSTRUCTION, L.L.C. and Robert Tutela, a member thereof, jointly, severally and in the alternative; Daystar-USM Exterior Services; The Uninsured Employer's Fund, Defendants-Respondents.
No. A-0748-10T1.
Superior Court of New Jersey, Appellate Division.
Argued April 12, 2011.
Decided August 16, 2011.
*824 Susan A. Lawless, argued the cause for appellant (Purcell, Mulcahy, O'Neill & Hawkins, LLC, attorneys; Ms. Lawless, of counsel and on the briefs; Alyssa K. Weinstein, Bedminster, on the briefs).
Dawn Van Keuren, argued the cause for respondent Robert Tutela (Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, attorneys; Ms. Van Keuren, Galloway, and Kenneth D. Mackler, Atlantic City, of counsel and on the brief).
Linda B. Celauro, argued the cause for respondent Daystar-USM Exterior Services (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; Ms. Celauro and Michael J. Greenwood, Newark, of counsel and on the brief).
Paula T. Dow, Attorney General, attorney for respondent Uninsured Employers' Fund (Ellen A. Reichart, Deputy Attorney General, on the statement in lieu of brief).
Before Judges CARCHMAN, WAUGH, and ST. JOHN.
The opinion of the court was delivered by
WAUGH, J.A.D.
This appeal requires us to determine whether the Law Division of the Superior Court or the Division of Workers' Compensation (Compensation Division) in the *825 Department of Labor and Workforce Development is the appropriate forum for determination of a workers' compensation insurer's declaratory judgment action seeking rescission of a workers' compensation policy. We conclude that the Compensation Division is an appropriate forum and affirm the Law Division's order of transfer. We remand the matter to the Compensation Division for further proceedings consistent with this opinion.

I.
We discern the following facts and procedural history from the record on appeal.
Defendant Earthworks Landscape Construction, LLC (Earthworks), is a limited liability company engaging in the business of landscape construction. Defendant Robert J. Tutela is a member of the Earthworks limited liability company and also one of its employees. In 2008, Earthworks, acting through Tutela, filed an application with Sentinel Insurance Company, Ltd.[1] (Sentinel), for workers' compensation insurance coverage. Included in the application were representations that Earthworks hired independent contractors to perform all "concrete, mason, and tree work" and that all of Earthworks employees performed their work at ground level. Pursuant to a subsequent written request by Sentinel, Tutela confirmed "that all tree work, masonry work, and concrete work is subcontract[ed] out to other companies." Based on the information provided in the application, as well as Tutela's verification, Sentinel issued the policy to Earthworks. The policy period was March 10, 2008, through March 10, 2009.
In June 2008, Earthworks entered into a contract with Daystar-USM Exterior Services (Daystar), in which Earthworks agreed to "remov[e] and dispos[e] of (6) 50' dead oak trees" from a building site in Toms River. On June 27, 2008, Tutela was injured while working on the tree removal. At the time, he was "situated approximately thirty-five feet (35') above the ground in a lift vehicle or bucket truck" while pruning tree branches. Tutela fell from the "lift vehicle or bucket truck" and suffered significant bodily injury.
Earthworks notified Sentinel of the accident on June 29, 2008. Tutela filed an employee claim petition for temporary disability and medical benefits with the Compensation Division on August 27, 2008. See N.J.S.A. 34:15-7. In a letter dated the same day, Sentinel informed Earthworks that it disclaimed coverage "due to material misrepresentations made by the claimant himself as a member of the insured entity." Sentinel filed an answer to Tutela's claim petition on September 29, 2010.
On September 8, 2008, Sentinel filed a complaint for declaratory judgment against Earthworks and Tutela in the Law Division. It alleged that Tutela had made material misrepresentations in the procurement of the policy, and that Sentinel would not have issued the policy had it not been for those misrepresentations. Sentinel sought rescission of the policy and a declaration that the policy was "null and void as it pertains to the claim of Robert Tutela." Sentinel subsequently amended the complaint to add Daystar and The Uninsured Employers' Fund (UEF) as defendants.[2]
*826 On November 13, 2008, the Compensation Division granted Tutela's motion for temporary disability and medical benefits. The order stated that "[Sentinel's] payments are without prejudice to all parties' rights to pursue [the] companion action in [the Law Division]," and that "[Sentinel] reserve[d] its rights to compel reimbursement for all temp[orary] and medical benefits."
The UEF subsequently filed a motion "to dismiss [the Law Division] matter without prejudice so that the [Compensation Division] can determine the status of whether or not Sentinel/Hartford has to provide coverage." The motion judge heard oral argument on May 15, 2009. The judge dismissed the complaint without prejudice and transferred it to the Compensation Division on June 12, 2009.
The Compensation Division issued an order on May 13, 2010, stating that it "shall retain jurisdiction to resolve the rescission claim." The same day, the Compensation Division also granted the parties "full and complete discovery, including, but not limited to, discovery depositions."
On September 16, 2010, the judge of compensation found that the policy was valid under the Workers' Compensation statute, but "decline[d] jurisdiction to void the policy as sought by [Sentinel] and [made] no finding as to same." In an oral statement of reasons, the judge stated: "[G]iven the procedural history [of the rescission claim], perhaps the moving parties should seek appellate review to settle the jurisdiction."
This appeal followed. We granted leave for Sentinel to appeal the two orders from different venues in a single appeal.

II.
On appeal, Sentinel argues that the Law Division should have heard and determined its declaratory judgment action because it is a court of general jurisdiction, whereas the Compensation Division is an administrative agency of limited jurisdiction focused on the adjudication of claims for workers' compensation benefits. Daystar argues that the Compensation Division had jurisdiction to determine coverage. It further argues that the Compensation Division actually determined that the Sentinel policy covered Tutela's claim. Tutela argues that the Law Division correctly referred the issue of rescission to the Compensation Division. In contrast to Daystar, he argues that Sentinel failed to pursue the issue there and is consequently barred from doing so in the future. Finally, Tutela argues that the Compensation Division's September 16, 2010 order was not final and, therefore, not appealable.[3]
It is well-established that our review of a trial judge's conclusions of law is de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."). The same standard applies with respect to the legal rulings of a judge of compensation. Sexton v. Cnty. of Cumberland, 404 N.J.Super. 542, 548, 962 A.2d 1114 (App.Div.2009).
The New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 to -128, explicitly states that the Compensation Division "shall have the exclusive original jurisdiction of all claims for workers' compensation benefits." N.J.S.A. 34:15-49. As an administrative agency, "the Division has the right to exercise only those powers *827 that are expressly and duly delegated to it, or that are impliedly incident to those expressly granted powers. [Reviewing courts] must look then to the relevant statutes and the legislative intent to determine that authority." Young v. W. Elec. Co., 96 N.J. 220, 225, 475 A.2d 544 (1984) (internal citations omitted); see also Hajnas v. Engelhard Mineral & Chem. Co., 231 N.J.Super. 353, 361, 555 A.2d 716 (App.Div.1989) (recognizing that the Compensation Division "has only limited jurisdiction which may not be expanded by `consent, waiver, estoppel or judicial inclination'" (quoting Riccioni v. Am. Cyanamid Co., 26 N.J.Super. 1, 5, 96 A.2d 765 (App.Div.), certif. denied, 13 N.J. 289, 99 A.2d 450 (1953))).
In Williams v. Bituminous Casualty Corp., 51 N.J. 146, 238 A.2d 177 (1968), the Supreme Court made the following observation, by way of dicta, in a case determining the res judicata effect of a compensation award in a subsequent direct action against the compensation carrier:
We should add a word about the carrier's sweeping contention that the Division of Workmen's Compensation cannot settle a coverage dispute even if the carrier is a named party to the compensation proceeding. . . . We see no reason why the Division cannot pass upon coverage. Surely where coverage depends. . . upon a simple finding of fact, there is no visible barrier. But even if a complex issue of policy or statutory construction is involved, we see no reason to say the Division lacks "jurisdiction." Since the statute permits a direct proceeding in the Division against the carrier [N.J.S.A. 34:15-84], it reasonably imports authority in the agency to decide whether the carrier covers the claim.
[Id. at 152-53, 238 A.2d 177 (citations omitted).]
We explored the meaning of that language in two subsequent decisions. In Sherwood v. Johnson, 246 N.J.Super. 530, 531-32, 588 A.2d 399 (App.Div.1991), we determined that the Compensation Division did not have jurisdiction "to adjudicate the liability of an allegedly negligent insurance broker." In making our determination, we declined to extend Williams to a claim unrelated to the compensation claim before the Compensation Division:
In Williams the Supreme Court addressed the workers' compensation coverage dispute between the employer, and inferentially the affected employee, and the workers' compensation carrier. . . . We find nothing in Williams which suggests that the Division has jurisdiction over a common-law dispute between the employer and its insurance broker or the broker's professional liability carrier. The entire discussion in Williams concerned the workers' compensation policy. We are loathe to extend its ambit to malpractice claims by the employer against his broker, a relationship beyond the scope of the regulatory statute and a relationship in which the worker is not involved.
[Id. at 534, 588 A.2d 399 (citations omitted).]
More recently, in Frappier v. Eastern Logistics, Inc., 400 N.J.Super. 410, 416, 947 A.2d 693 (App.Div.2008), we held that the Compensation Division can resolve coverage disputes that are related to the underlying claim:
The Division's jurisdiction over coverage disputes is, however, ancillary to its jurisdiction over the underlying claim. Sherwood, supra, 246 N.J.Super. at 534-36 [588 A.2d 399], see also 9 Larson's Workers' Compensation Laws § 150.04 (2007). The Division's authority to decide questions of coverage is the authority "to decide whether the carrier covers *828 the claim." Williams, supra, 51 N.J. at 153 [238 A.2d 177]. In order for the Division to exercise that authority, there must be [1] a statutory basis for the exercise of jurisdiction over the claim that is the subject of the coverage dispute, and [2] the coverage dispute must be related to that claim. Ibid.; see generally Peacock v. Thomas, 516 U.S. 349, 356, 116 S.Ct. 862, 868, 133 L.Ed.2d 817 (1996) (noting that a federal court exercising its statutorily granted supplemental jurisdiction "must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims").
[(Emphasis added).]
Larson's reaches the same conclusion:
The general rule appears to be that, when it is ancillary to the determination of the employee's right, the compensation commission has authority to pass upon a question relating to the insurance policy, including fraud in procurement, mistake of the parties, reformation of the policy, cancellation, existence or validity of an insurance contract, coverage of the policy at the time of injury, and construction of extent of coverage. [9 Arthur Larson, Larson's Workers' Compensation Law § 150.04 (2010) (emphasis added) (footnotes omitted).]
These principles were recognized by the motion judge in the Law Division:
[Williams says] that the [Division] . . . has jurisdiction to decide issues, not only complex issues of interpretation of an insurance policy, but also questions of fact as to whether or not there was fraud in the procurement of the policy. . . . [Sherwood] recogniz[es] that [while] Chief Justice Weintraub in Williams was really speaking in the form of dictum, no one has contradicted that dictum . . . and in fact, it was cited with approval in the Sherwood case, and again, he, Chief Justice Weintraub at that point was relying on [Larson] and. . . the updated [Larson] in Sherwood. . . includ[es] [reference to] fraud in the procurement. . . .
Therefore, I will find that it is appropriate and that the [Division] has jurisdiction. . . .
Consequently, we find no error in the motion judge's decision to transfer the rescission issue to the Compensation Division so that both matters could be decided in one proceeding. Although we are not prepared to hold that the Law Division did not have concurrent jurisdiction on the rescission issue, the judge's order of transfer to consolidate the two related actions in an appropriate single forum was not an abuse of his discretion. The Compensation Division was the only such forum, inasmuch as the Law Division did not have jurisdiction over the compensation claim.
Having reviewed the remaining issues raised on appeal, we find them to be without merit and not warranting extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following.
Tutela's reliance on American Millennium Insurance Co. v. Berganza, 386 N.J.Super. 485, 902 A.2d 266 (App.Div. 2006), for the proposition that a workers' compensation policy cannot be rescinded so as to deny coverage to a claimant is misplaced. American Millennium involved a claimant who had no role in obtaining the policy sought to be rescinded. Here, Tutela was both the member of the Earthworks limited liability company to apply for the insurance and the injured employee. We cannot hold, at this point and as a matter of law, that rescission would be inequitable as to him. "[A] wrongdoer shall not profit from his wrong." Schweizer v. Elox Div. of Colt Indus., 70 N.J. 280, 285, 359 A.2d 857 (1976); see also State v. Byrd, 198 N.J. *829 319, 364, 967 A.2d 285 (2009) (LeVecchia, J., concurring) (stating that public policy interests demand "that a wrongdoer does not profit by reason of his actions").
Neither Daystar's argument that the judge of compensation actually decided the issue against Sentinel, nor Tutela's argument that Sentinel waived the issue, are supported by the record. The judge of compensation found that the policy, assuming it was in place, covered Tutela's injury. He did not make any determination on the merits of Sentinel's claim for rescission, and implied that the Compensation Division did not have jurisdiction to do so.
In summary, we affirm the order of the Law Division transferring the issue of rescission to the Division of Workers' Compensation. We reverse the Compensation Division's order declining to consider the rescission issue, and remand to the Compensation Division for any necessary discovery, as permitted by N.J.A.C. 12:235-3.8(g) and (h), to be followed by determination of that issue.
Affirmed in part, reversed in part, and remanded to the Compensation Division.
NOTES
[1] Sentinel is a member of The Hartford Financial Group.
[2] Daystar and the UEF, N.J.S.A. 34:15-120.1 to -120.30, were added because they might have financial responsibility concerning the claim in the event the Sentinel policy was rescinded.
[3] To the extent the Division's order was not final, we grant leave to appeal nunc pro tunc.