Before State Industrial Board, Respondent.

Jacob Levine, Respondent, *v*. East New York Electric Corporation and Another, Appellants.

Third Department, November 21, 1924.

**Workmen's compensation — relationship — person employed by president of corporation tenant to make alterations which tenant is required to make is employee of tenant — coverage — policy issued to cover business including operations not on premises does not cover work in altering new building to be occupied by employer.**

A person hired by the president of a corporation tenant to render special services in altering the leased premises is an employee of the tenant, where the lease requires the tenant to make all repairs including alterations.

A policy of workmen's compensation insurance covering all industrial operations upon the premises of the employer, all repairs or alterations to premises, and operations not on the premises, does not cover work being done by the employer on a building which is to be occupied by the employer as soon as alterations and repairs are made, but is limited to repairs upon the employer's existing buildings or plants, and to operations not on the premises which are in the line of business of the employer.

Appeal by the defendants, East New York Electric Corporation and another, from an award of the State Industrial Board, made on the 25th day of June, 1923.

*James J. Mahoney* [*Frederick L. Thielmann* of counsel], for the appellants.

*Carl Sherman*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

Van Kirk, J.:

The claimant was a mason. His injuries were suffered May 31, 1922, the first day of his work, and were accidental injuries which arose out of and in the course of his employment.

One Eva Kaplan leased to the East New York Electric Corporation the "store and part of basement" of 174 New Lots road, Brooklyn, from May 1, 1922, to April 30, 1925. At the time of this lease the premises were not fitted for a store and it was necessary to make repairs thereto. The lease provided that the tenant, at his own cost and expense, should make all the required repairs, and they were made after the term of the lease began. Within the intention of the parties "repairs" included alterations. The lessor is in no wise connected with making the repairs. Claimant was employed by one Worhaftig, who was the president of the East New York Electric Corporation, to work making these repairs and while so working claimant was injured. He was not

a regular employee of the corporation. Worhaftig was engaged in no other business for himself, but acted for the corporation. We approve the finding of the Industrial Board that, in hiring this claimant, Worhaftig was acting for the East New York Electric Corporation, and that the claimant, at the time he was injured, was in the employ of that company. The only question arises between the insurance carrier and the employer, whether or not the policy covers the claim. The determination of this question is within the jurisdiction of the State Industrial Board. (*Matter of Jaabeck* v. *Crane's Sons Co.*, 238 N. Y. 314, 318.)

The policy is the usual standard workmen's compensation policy. It contains, in the "declarations," the following: "Item 3. Locations of all factories, shops, yards, buildings, premises or other work places of this employer, by town or city, with street and number: 219 New Lots Avenue, Brooklyn, New York, and elsewhere in New York State. All business operations, including the operative management and superintendence thereof, conducted at or from the locations and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following divisions as are undertaken by this employer. 1. All industrial operations upon the premises. 2. * * * 3. All repairs or alterations to premises. 4. * * * 5. Operations not on the premises."

The policy does not cover the claim, unless repairing the building at 174 New Lots road is considered to be business "operations not on the premises." In the classification of operations is this: "1. (a) Electrical fixtures and appliances, including wiring installation and repairs within buildings excluding the installation of electric machinery and auxiliary apparatus. * * * 3. (a) Additions to, alterations and repairs of employer's existing buildings or plants * * *." And item 5: "This employer is conducting no other business operations at this or any other location not herein disclosed — except as herein stated: No exceptions." The repairs being made were not in or upon the "employer's existing buildings or plants" and were not work in its class or kind of business; this work did not emanate from its home plant or business. The natural meaning of "operations not on the premises" is operations in its business. It cannot be held that the preparations of newly acquired property to be used as a new place, on and from which to conduct its business, is a part of its business operations within the meaning of the policy, when it has defined in its policy the location of its plant and the kind of its business. The carrier is not liable beyond the terms of its policy. It was intended that there should be limits to the liability of the carrier and, when

the terms of the policy are explicit and not in conflict with the statute, they must govern. (*Astrin* v. *East New York Woodwork Mfg. Co.*, 210 App. Div. 720.) We conclude that this claim is not covered by the policy.

The award should be reversed and the claim dismissed as against the insurance carrier; the award should be affirmed as against the employer.

All concur.

Award against the insurance carrier reversed and claim dismissed, without costs. Award against the employer unanimously affirmed, without costs.