In the Matter of the Claim of JULIUS SZABO, Respondent, against STANDARD COMMERCIAL BODY CORPORATION, Employer, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, December 1, 1927.

Workmen's compensation — coverage — claimant was employed at plant in New Jersey — policy covered plants in New York city and Brooklyn and excepted New Jersey plant — award cannot be made against insurance carrier — finding that work done in New Jersey was incidental to work in New York is contrary to evidence — practice of attorney for insurance carrier appearing for employer and at same time trying to procure award against employer is disapproved — claim remitted in order that employer may protect its interests.

The claimant was injured in a New Jersey plant of the employer which plant conducted and completed its operations independent of the employer's New York city and Brooklyn plants. The claimant lived in New York city and commuted to the New Jersey plant and his traveling expenses were paid to and from the plant by his employer. The policy in question covers merely the operations of the employer in its New York city and Brooklyn plants and specifically excepts operations at the New Jersey plant. The evidence, therefore, does not sustain the finding by the State Industrial Board to the effect that the work conducted in the New Jersey plant was incidental to the work of the New York plants and that the claimant was covered by the policy in question.

The attorney for the carrier appeared also for the employer but on the hearing requested that if any award was made that it should be made against the employer. This practice on the part of attorneys in appearing for employers and in endeavoring to have awards made against them is condemned, and while the carrier in this case is not liable, the case is remitted so that the employer may take such steps as may be necessary for his protection.

APPEAL by Hartford Accident and Indemnity Company from an award of the State Industrial Board, made on the 6th day of April, 1927.

*William A. Earl* [*Jeremiah F. Connor* of counsel], for the appellant.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J. The insurance carrier contends that the accident in question was not covered by the policy it issued to the employer. The business of the employer was manufacturing automobile bodies. It had three plants for the construction of such bodies, one in the borough of Manhattan, one in the borough of Brooklyn, and one in Kearny, in the State of New Jersey. Its office and principal place of business was in the borough of Manhattan. At the Kearny plant as at the others the finished product was turned out and distributed therefrom. Operations at that plant were independent of either of the others and in no sense incidental thereto. The claimant resided in the borough of Manhattan but for three years had been employed at the Kearny plant and it was there that the accident happened. He commuted from his home in Manhattan and his traveling expenses were paid by the employer. In the " declarations " forming part of the policy of insurance are the following provisions: " Locations of all factories, shops, yards, buildings, premises or other work places of this employer, by town or city, with street and number: 331–3 East 103rd Street, 450–4 East 104th Street, 421–23–31 East 104th Street, New York City and 931–3 Bergen Street being also Dean, Brooklyn, N. Y. 432–6 East 108th Street, New York, N. Y. * * * This employer is conducting no other business operations at this or any other location not herein disclosed — *except as herein stated*," and then follows the statement: " Operations at other locations not covered hereunder." By a subsequent provision in the policy it ceased to afford coverage in respect to the above locations at 331–333 East One Hundred and Third street and 432–436 East One Hundred and Eighth street, New York. The policy does not purport to cover any business operations at Kearny. On the contrary, it is specifically limited to the operations in the boroughs of Manhattan and Brooklyn. It appears that the employer had covered its operations at the Kearny plant by insurance with another company and a representative of that company appeared for the claimant at the hearings in this proceeding before the Board which resulted in the award against this appellant. We think the cases of *Matter of Pettit* v. *Reges* (242 N. Y. 272) and *Neubeck* v. *Doscher* (204 App. Div. 617) are applicable here and that the award as to the insurance carrier may not be sustained. In an effort to fasten liability on this carrier the Board has found that the claimant " temporarily performed work at the company's plant in Kearny, State of New Jersey and the work that he performed at Kearny, State of New Jersey was incidental to the work carried on by the employer in the State of New York." There is no evidence to sustain such finding. As above pointed out, claimant had been

working at the Kearny plant for three years and the business there conducted was complete in itself and independent of the work carried on in the New York plants.

Although this record discloses no liability against the insurance carrier its practice in this as in many cases by other carriers merits condemnation. The attorney who appeared for the carrier before the State Industrial Board also appeared for the employer. Representing the employer he worked against it. His attitude throughout the entire case is illustrated by the following statement made by him at one of the hearings before the Board: " If any award is made, I will ask it to be made against the employer." The employer naturally and properly depends on the carrier for protection. If the latter intends to take a position hostile to the employer, such position should be openly announced and the employer should be given notice and an opportunity to be properly represented and to litigate before the State Industrial Board the liability of the carrier. The position of the carrier in this case and similar practices in other cases can scarcely be excused on the ground of inadvertence. To put it no stronger, common instincts of fairness should suggest the impropriety of such practices. Not only did the attorney for the carrier while professing to represent the employer misrepresent it and openly sacrifice its interests, but having done so it took an appeal for the employer with the view to continue in this court the same policy towards the employer which was practiced before the State Industrial Board. We have already expressed our disapproval of such practice in the case of *Matter of Hammele* v. *McMahon* (220 App. Div. 60). The notice subsequently served by the carrier on the employer stating the position of the former and giving the latter an opportunity to defend itself on the appeal does not cure the impropriety because the employer has been deprived of its opportunity to assert its rights before the State Industrial Board. Had the proper practice been followed before the Board and the carrier had then desired to appeal it should have appealed for itself alone and against the employer as well as against the Board and the claimant, to the end that the employer might be properly represented on the appeal as well as before the Board. Therefore, instead of dismissing the claim as against the carrier, we remit the proceeding to the Board in order that the employer may there take such steps for its protection as it may be advised.

VAN KIRK, HINMAN, DAVIS and WHITMYER, JJ., concur.

Award reversed as to the insurance carrier, and matter remitted to the State Industrial Board, without costs.