In the Matter of the Claim of ALBERT WEDEMEIER, Respondent, against MAVIS BOTTLING COMPANY OF NEW YORK, Respondent, and UNITED STATES CASUALTY COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 10, 1932.

*William Butler* [*John S. Breckinridge* and *William H. Hotchkiss* of counsel], for the appellant.

*Ingram, Taylor & Schenck* [*Warren A. Schenck* of counsel], for the respondent employer.

*John J. Bennett, Jr., Attorney-General* [*John R. O'Hanlon* and *Joseph A. McLaughlin, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

HINMAN, J. The sole question is coverage. Claimant was superintendent of production of a New York corporation, engaged in the bottling of a chocolate beverage, and having its plant in New York. It was a wholly owned subsidiary of a foreign corporation operating from Baltimore, Md., which operated no plant itself except through several subsidiary companies, separately incorporated and with plants located in several States, all engaged in bottling and selling the same beverage in separate territories. The president and most of the other officers of the parent company were the officers of the subsidiaries. This was true of the New York company and of a New England company, a subsiduary incorporated after the New York company and which during its formative period was supplied with the beverage through the New York plant at the direction of the person who at the time was president of both the parent company and the New York company and later of the New England company. His office and that of the parent company was in Baltimore, Md., to which the subsidiaries accounted, and from which the subsidiaries seem to have been largely directed. Eventually a bottling plant was erected in Boston by the New England company, necessitated by the growth of the New England business which was outrunning the capacity of the New York plant to produce sufficient surplus product to continue to supply its own and the New England market.

The claimant was directed, at the instruction of the president of all the companies, to go to Boston to superintend the installation of bottling machinery at the New England plant. He was loaned to that plant temporarily for that special purpose because of his ability and experience. While there he was kept on the New York payroll and his expenses were also met by that plant. It further appears that he had been sent on at least two other occasions to render expert temporary assistance to other subsidiaries, at the request or direction of the main office at Baltimore. His salary checks were sent to him from Baltimore. It appears, however, that this was charged to the New York company and he was undoubtedly a regular employee of that company; hired in New

York and except on one of these rare occasions rendered service strictly to that company.

While working at the Boston plant he suffered an injury for which an award has been made by the State Industrial Board against the New York company and its insurance carrier. The appeal is by the carrier only, raising the question of coverage.

The policy covers the business operations of the New York company only, describing its plant as located in New York city, and declaring that this employer is conducting no other business operations at any other location. The policy does, however, contain the usual provision that, for the purpose of this insurance, the business operations described in the declarations " shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with, or in relation to, such work places."

The claimant, at the time of the accident, was engaged in the installation of machinery of a new plant belonging to an entirely different corporation. It was not a business operation described in the policy. (Levine v. East New York Electric Corp., 210 App. Div. 730.) The Board has found, however, that claimant was directed to proceed to the Boston plant " and to there superintend the installation of machinery at that plant for the purpose of speeding up the completion of such plant so that it might more quickly commence producing the product for which it was designed and more quickly relieve the Mavis Bottling Company of New York and its plant from the necessity of supplying required quantities of the Mavis product to the New England corporation in accordance with existing contracts." The theory of the Board seems to have been that the operation at the Boston plant in which claimant was temporarily assisting was necessary, incident or appurtenant to or connected with the business operations carried on at the New York plant so as to come within the coverage of the policy. We think there is no evidence that the work performed by claimant at Boston was incidental to the work carried on by the employer in the State of New York within the meaning of the policy. (Matter of Szabo v. Standard Commercial Body Corp., 221 App. Div. 722; Matter of Pettit v. Reges, 242 N. Y. 272.) Installing plants was no part of the employer's business. Assuming the desirability of hastening the opening of the Boston plant because supplying the customers of the Boston company in addition to its own was beginning to exceed the capacity of the New York company, we are unable to see how the speedy opening of the new plant was necessary or incidental to the operation of the New York plant unless there was a contract

obligation, made by the New York company, requiring it to its detriment to supply sufficient product to fill the orders of the Boston company. No such contract was proven. Such proof as there is in the record tends to show that all arrangements for the New York company to sell goods to the Boston company were made through the parent company at Baltimore by its president, as an incident to the creation of the New England subsidiary. We conclude that this claim is not covered by the policy.

The award should be reversed and the claim dismissed as against the insurance carrier, with costs to the appellant against the employer.

All concur.

Award reversed and claim dismissed as against the insurance carrier, with costs to the appellant against the employer.