AMERICAN MUTUAL LIABILITY INSURANCE COMPANY OF BOSTON, DEFENDANT-PROSECUTOR, v. REBECCA CHODOSH. PETITIONER-RESPONDENT, AND CHODOSH BROS. AND WEXLER COAL AND ICE CO., INC., DEFENDANT-RESPONDENT.

Argued January 18, 1939—Decided August 9, 1939.

82

Before Brogan, Chief Justice, and Justices Bodine and Heher.

For the defendant-prosecutor, *Edward R. McGlynn* (*Joseph Weintraub*, on the brief).

For the petitioner-respondent, *Fleming & Potter* (*Russell Fleming*, of counsel).

For the defendant-respondent, *Morgan R. Seiffert*.

Per Curiam.

*Certiorari* was allowed to review a judgment of the Middlesex County Court of Common Pleas against the American Mutual Liability Insurance Company of Boston, the prosecutor of the writ. The judgment was in favor of Rebecca Chodosh, widow of the late Louis Chodosh, for the amount of an award made in the Compensation Bureau to her for the death of her husband, the bureau finding that his death resulted from injury by accident arising out of and in the course of his employment.

The facts may be briefly stated as follows: Chodosh Brothers and Wexler Coal & Ice Company, Inc., a corporate

organization owned and controlled by members of the same family, three of them—the Chodosh brothers and a fourth, Wexler, a brother-in-law—was engaged in the coal, ice and fuel oil business. The company had two plants, one in Carteret, another at Rahway, and in addition owned some residential property close by the Carteret plant—two houses at Railroad avenue, Carteret, where the decedent and one of his brothers, and Wexler, lived with their respective families. In back of the residential properties was a screened summer house which was used by these business associates for meetings of the corporation each week during the summer months. The decedent, while painting the roof of this summer house on June 29th, 1934, suffered sunstroke and died a week later, on July 5th. His wife, Rebecca, filed a claim petition in the Compensation Bureau, and was awarded compensation on May 22d, 1936. No appeal was taken. The insurance carrier, prosecutor of this writ, had refused to defend the action for compensation against its assured, the employer, on the stated ground that the work being done by the decedent at the time he suffered sunstroke, was not "within the inclusion of the policy for insurance coverage or liability."

It is stipulated that the policy of the insurance carrier was in force at the time of the accident and death and that the award made in the bureau has not been paid; that the insurance company had notice of the accident but that it disclaimed liability and refused to defend on the ground above stated. Thereafter Rebecca Chodosh filed a petition in the Pleas on June 12th, 1937, reciting the award, alleging that the policy of the prosecutor covered the engagement of her husband at the time of his death, and that the employer and insurance company, or either of them, failed to pay the said award. An order was made requiring the carrier to show cause why the award should not be paid by it. (*Pamph. L.* 1917, *ch.* 178; *R. S.* 34:15-70 *et seq.*) The carrier moved to dismiss the proceedings on several grounds—mainly want of jurisdiction in the Pleas and failure to allege that the contract of the carrier covered the work done by the decedent out of which death resulted. The motion was denied. An answer was then filed by the insurance company on which issue was

joined and on March 11th, 1938, the court, on application of the carrier, joined the employer as a party so that the whole matter might be disposed of in one suit, on the theory that if the carrier were held liable on its contract it might be made whole by a counter-claim which it filed against the corporate employer.

The proceeding in question is brought under section 10 of the Workmen's Compensation Insurance act of 1917. *R. S.* 34:15-84. Trial by jury was waived.

The main point of the appellant's argument is, as stated, that the deceased, Louis Chodosh, at the time of the accident from which he died, was not performing a service for his employer within the scope of the "schedule of operations" set out in the insurance contract. Under this heading, the business of the employer is listed as coal merchant and the service of those insured, among whom was the decedent, stated as "* * * drivers, chauffeurs and their helpers, excluding stevedoring." The court determined that the question of whether the operation in which deceased was engaged at the time of his death came within the terms of the contract was *res judicata;* that the finding in the bureau was final and conclusive, and gave judgment for the amount of compensation in favor of the widow and against the insurer.

We agree that the determination of the bureau is *res judicata* on the matter of the liability of the employer to pay the award but we do not agree that such judgment is *res judicata* on the matter of the liability of the carrier. The carrier informed the employer that the operation out of which the death by accident occurred was not within the coverage of the contract of insurance. It had the right to be heard on this issue but it could not have had a finding on that point in the bureau. The jurisdiction of the bureau extends only to whether the injury or death by accident arose out of and in the course of the employment. It has no authority to determine an issue like the one here presented.

For the respondent, it is argued that the proceedings contemplated by section 10 of the act—*R. S.* 34:15-70—are not "an original claim petition for compensation on which all issues must be litigated." With this we agree. The judg-

ment in the bureau that the decedent met his death by accident arising out of and in the course of the employment cannot be collaterally attacked nor can it be relitigated in a subsequent proceeding.

It is next argued that by virtue of section 14 of the Compulsory Insurance act of 1917, as amended (*R. S.* 34:15-87), entitled "Limitations and Restrictions on Liability," that the policy covered the claim in question. But we do not so construe the statute. The pertinent part of this enactment is that "no provision of such policy shall be construed to restrict the liability of the insurer to any stated business, * * * carried on by an assured unless the business * * * excluded by such restriction shall be concurrently separately insured or exempted as provided for in this article." But here there was no such separate business, as the term is ordinarily understood, carried on by the employer. It is not contended that there was. There is no claim that at the time this contract of insurance was written the deceased would ever be employed to paint a summer house in back of a residential property. See *Stefanik* v. *Ocean Accident and Guaranty Corp.*, 14 *N. J. Mis. R.* 708; *Central Surety and Insurance Corp.* v. *Geirsky*, 11 *Id.* 716. The liability of the carrier was limited by the contract to the operations of the deceased as a driver or chauffeur in the conduct of the coal, ice and fuel oil business—and any task reasonably appurtenant thereto—and nothing more.

It is also argued that the carrier, by its contract, was bound to defend in behalf of the employer any suits or other proceedings, &c., although such suits are wholly groundless, false or fraudulent, and that, failing to do so, it has waived its right to raise the question now under discussion; but this, we think, applies only to suits or claims made within the apparent schedule of operations—not one that was outside the scope of the contract. If the carrier had undertaken the defense of this petition, without obtaining a non-waiver agreement, it might well have been held to have waived such right and be estopped from questioning the final judgment. Compare *O'Dowd* v. *U. S. Fidelity and Guaranty Co.*, 117 *N. J. L.* 444. Instead it elected not to defend the suit at all on the ground

that it was not within the coverage of the contract. This, we think, it had a perfect right to do. At the hearing in the Pleas no evidence was presented tending to show that the work undertaken by the decedent at the time he met with the fatal accident was within the operations covered by the carrier's contract of insurance.

The petitioner had the burden of showing that the carrier was liable because the accidental death was within the limitation of the contract. The evidence does not sustain that burden.

The judgment will be reversed.