The question is whether the respondent Indemnity Company is liable to pay a certain workmen's compensation award in favor of the appellant and against his employer, Harry Moncher. The case comes to us on appeal from an order of the Passaic County Court, in a proceeding under R.S. 34:15-84, denying the appellant's application for an order that the Indemnity Company pay the award. The Company did not insure Harry Moncher but appellant contends that the Company is estopped, as to Moncher, to deny that it was his insurer, and that the benefit of the estoppel runs to Appellant. The alleged estoppel is based on the premise that the Indemnity Company took charge of the defense against appellant's claim in the Workmen's Compensation Bureau. Cook v.Preferred Accident Insurance Co., 114 N.J.L. 141 (E. A.
1934); Caiola v. Aetna Life Insurance Co., 13 N.J. Misc. 845, affd. 116 N.J.L. 381 (1936); O'Dowd v. U.S. Fidelity etc.Co., 117 N.J.L. 444 (E. A. 1937). In these cases and other New Jersey cases to which we are referred, the insurance company had insured the employer or tort feasor but *Page 53 
contended that the particular case was not within the scope of the policy or was barred by one of the conditions thereof.
In the case before us, the Company had insured another than Harry Moncher, namely, one Louis Moncher. Although the claim in the Workmen's Compensation Bureau was originally presented against Harry Moncher, the attorney for the Indemnity Company filed an answer in the name of Louis. Then when the trial began in the Bureau, "There was discussion off the record as to the correct name of respondent." After that the appellant amended his claim by adding Louis as a co-employer. Still later, appellant abandoned his case as against Louis and immediately the attorney for the Indemnity Company withdrew. The hearing proceeded as against Harry alone and resulted in the award against him. Harry Moncher knew, of course, that the Company had not insured him and he was not led astray or injured by anything the Company did. There was no estoppel. Kabinski v. Employers' Lia. Assur.Corp., 123 N.J.L. 377 (E. A. 1939). The appellant has no greater right against the Company than Harry Moncher has. Ziskov. Travellers Ins. Co., 117 N.J.L. 366 (E. A. 1936).
We agree with the Passaic County Court that the Indemnity Company is not liable and therefore affirm its order.