30 N.J. Super. 281 (1954)
104 A.2d 334
EUGENE GOLDMANN, PLAINTIFF,
v.
LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, AND JOHANNA FARMS, INC., DEFENDANTS.
Superior Court of New Jersey, Mercer County Court, Law Division.
Decided March 25, 1954.
*283 Mr. Herman M. Wilson, attorney for plaintiff.
Mr. Frederick J. Fox, attorney for defendant Lumber Mutual Casualty Insurance Company of New York.
Mr. Harry Krieger, attorney for defendant Johanna Farms, Inc.
HUTCHINSON, J.C.C.
This is a summary action against an insurance carrier by an injured employee for the purpose of enforcing his claim for compensation as provided for in R.S. 34:15-84 upon the failure of the employer to make adequate and continuous compensation payments.
The facts are as follows: Eugene Goldmann suffered an injury allegedly arising out of and in the course of his employment with Johanna Farms, Inc. as the result of an accident which occurred on November 25, 1950. On June 6, 1951 Goldmann filed an employee's claim petition in the Division of Workmen's Compensation for compensation, naming as respondents the Lumber Mutual Casualty Insurance Company of New York and Johanna Farms, Inc. On August 15, 1951 respondents filed an answer denying that the petitioner was an employee at the time of the alleged accident. The answer was signed by the attorney for the insurance carrier. The attorney for the carrier participated in a pretrial conference on May 2, 1952, appeared in reply to a motion to take depositions of the petitioner de bene esse, and then appeared on two different occasions to take the testimony de bene esse.
On December 17, 1952, the evening before the hearing before the deputy director, the insurance carrier served upon Johanna Farms, Inc. and the attorney for Johanna Farms, Inc., a disclaimer of liability under its policy of insurance, *284 stating, however, that it would defend the proceeding without cost, but would not pay any judgment rendered. At the outset of the hearing the attorney for Johanna Farms, Inc. stated to the deputy director, "I do not want to and do not intend to agree to any such terms." Then the attorney for the carrier after making two motions to amend the answer, moved to strike from the title of the case the Lumber Mutual Casualty Insurance Company of New York. Counsel for the petitioner agreed and the deputy director ordered the pleadings to be so amended. The attorney for the carrier then moved to amend another paragraph in the answer, and continued to actively participate in the hearing for four days and 499 pages of testimony, examining and cross examining witnesses, objecting to evidence and arguing matters of law.
After the conclusion of the hearing the deputy director held that the petitioner was an employee of the respondent within the meaning of the Workmen's Compensation Act, that he suffered a compensable accident while in the pursuit of a special mission for his employer, and that the fracture sustained by the employee aggravated a pre-existing heart condition which resulted in total permanent disability. Accordingly, an award was made against the respondents Johanna Farms, Inc. and its insurance carrier, the Lumber Mutual Casualty Insurance Company of New York.
On February 19, 1953 the insurance carrier by its attorney filed a notice of appeal to the County Court. On the same day the carrier served a second disclaimer of liability. The appeal was prosecuted by the carrier. This court, in Goldmann v. Johanna Farms, Inc., 26 N.J. Super. 550 (Cty. Ct. 1953), affirmed the award as to Johanna Farms, Inc., the employer, and reversed as to Lumber Mutual Casualty Insurance Company of New York on the ground that the Bureau lacked jurisdiction to decide the legal issue of coverage raised by the carrier.
Preliminary to the consideration of the merits in this proceeding, the carrier objected that the "petition" for the order to show cause was not signed by the petitioner (plaintiff), *285 Goldmann, as provided for by the former Rule 3:79-2, now R.R. 4:85-2, but rather by his attorney, and that the affidavit of Goldmann was not served upon the carrier according to the rules. The former Rule 3:1-2, now R.R. 4:1-2, provides:
"[These rules] shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."
The substantive rights of the carrier were in nowise injured by these deviations. The employee, Goldmann, was injured in November of 1950. To require him to begin a new action after more than three years would only result in unjustifiable expense and delay, and would work injustice to the employee.
The determination of the deputy director as to the liability of the employer to pay the award is not res adjudicata as to the insurance carrier, unless it was a party, and the carrier may be heard on the issue of its responsibility. Raab v. American Casualty Co., 4 N.J. 303 (1950); American Mutual Liability Ins. Co. v. Chodosh, 123 N.J.L. 81 (Sup. Ct. 1939), affirmed in 124 N.J.L. 561 (E. & A. 1940); Amend v. Amend, 12 N.J. Super. 425 (Cty. Ct. 1950).
However, the carrier may be estopped from questioning the deputy director's determination of liability if the carrier has undertaken the defense of the action without disclaiming liability or reserving its rights. O'Dowd v. U.S. Fidelity & Guaranty Co., 117 N.J.L. 444 (E. & A. 1936); Cook v. Preferred Accident Ins. Co., 114 N.J.L. 141 (E. & A. 1935); Serafino v. U.S. Fidelity & Guaranty Co., 122 N.J.L. 294 (Sup. Ct. 1939). This will not be so if the carrier undertook the defense without knowledge of a breach of the policy or if the breach occurred after the defense had been assumed. Hutt v. Travelers' Ins. Co., 110 N.J.L. 57 (E. & A. 1932). Likewise, there will be no estoppel where the carrier defended until the identity of the employer was established and then withdrew. Satkis v. St. Paul Mercury Indemnity Co., 2 N.J. Super. 51 (App. Div. 1949).
*286 The carrier has the duty of defending only those actions which are within the terms of the policy and where there has been no breach of the policy. American Mutual Liability Co. v. Chodosh, supra; Marx v. U.S. Fidelity & Guaranty Co., 14 N.J. Misc. 812 (Sup. Ct. 1936); Travelers Ins. Co. v. Young, 18 F. Supp. 450 (D.C.N.J. 1937). The carrier's duty to pay judgments is co-extensive with all suits it defends. This is true even when the claim is clearly outside the terms of the policy. Caiola v. Aetna Life Ins. Co., 13 N.J. Misc. 845 (Sup. Ct. 1935), and the question of whether the insured was prejudiced by the insurance carrier's actions is immaterial. O'Dowd v. U.S. Fidelity & Guaranty Co., supra.
In a case such as this is, the carrier could refuse to defend and await the determination of its obligation in subsequent proceedings against it. However, such a decision would be made at its peril, and this procedure might be expensive and hazardous to the company and its policy-holders. So, too, if the carrier made the wrong election the insured would have been deprived of his policy right to have such actions defended on his behalf by the carrier. The carrier's safest remedy is generally to seek a declaratory judgment for the purpose of securing an adjudication of its non-liability. Travelers Ins. Co. v. Young, supra; Merchants F. Assn. Co. v. White, March 21, 1940, Civ. No. 662 (D.C.N.J.); Appleman on Insurance Law and Practice, see sec. 4686; N.J.S. 2A:16-50ff.; Travelers Indem. Co. v. Cochrane, 155 Ohio St. 305, 98 N.E.2d 840 (Sup. Ct. 1951).
The conduct of the carrier in the Bureau in this case in filing an answer, in participating in the pretrial conference and pretrial activities, then unconditionally defending the assured, after the assured had rejected its offer to defend on terms, acts as an estoppel. The carrier cannot now deny its liability under its policy of insurance. Serafino v. U.S. Fidelity & Guaranty Co., supra; Cook v. Preferred Accident Ins. Co., supra.
There was a second disclaimer, with an offer to defend on terms, when the appeal to the County Court was taken. *287 There is no evidence in the record that this offer was rejected. However, the carrier was already estopped from denying its liability as a matter of law. The employee's rights under the policy had already accrued and the carrier by its own actions cannot now escape its correlative duty by serving a second disclaimer. Empire State Surety Co. v. Pacific National Lumber Co., 200 F. 224 (C.C.A. 9 1912); DiFrancesco v. Zurich Accident & Liability Ins. Co., 105 Conn. 162, 134 A. 789 (Sup. Ct. 1925); Beals v. Central Mutual Auto Ins. Co., 269 Mich. 477, 257 N.W. 868 (Sup. Ct. 1934); National Battery Co. v. Standard Accident Ins. Co., 226 Mo. App. 351, 41 S.W.2d 599 (Ct. App. 1931); Rieger v. London Guarantee & Accident Co. of London, Eng., 202 Mo. App. 184, 194, 215 S.W. 920 (Ct. App. 1919); 269 Canal St. Corp. v. Zurich General Accident & Liability Ins. Co., 226 App. Div. 516, 235 N.Y.S. 63 (App. Div. 1929).
Judgment will be entered for the petitioner (plaintiff) in the amount of the judgment previously entered in this court on the appeal, with interest and costs.