MOSES WILLIAMS, PLAINTIFF-RESPONDENT, v. BITUMI-
NOUS CASUALTY CORPORATION, DEFENDANT-APPEL-
LANT.

Argued November 20, 1967—Decided February 5, 1968.

*Mr. Thomas A. Lunn* argued the cause for appellant (*Mr. Samuel P. Orlando,* attorney).

*Mr. George L. Pellettieri* argued the cause for respondent (*Messrs. Pellettieri and Rabstein,* attorneys).

The opinion of the court was delivered by

WEINTRAUB, C. J. Plaintiff (herein employee) obtained a workmen's compensation award, and the award not being paid, he brought this action against defendant (herein carrier) alleging it covered the employer's liability.

The employee named only the employer in the compensation proceeding, and the carrier, contending the accident

occurred the 6th day of September, 1962, one day before the effective date of its policy, declined to defend the employer notwithstanding that the compensation petition alleged the accident occurred on the 7th. The employer defaulted. The employee's testimony that the 7th was the date of the accident was accordingly undisputed, and the compensation award recited that date. In the present proceedings against the carrier, the trial court held the carrier was not bound by that finding, and upon a trial of the issue determined the accident occurred on the 6th. For that reason the trial court gave judgment for the carrier.

The employee then appealed to the Appellate Division, but chose not to challenge the trial court's conclusion that the accident happened on the 6th, contending solely that the finding in the compensation proceeding that the accident occurred on the 7th was *res judicata* against the carrier.[1] The Appellate Division did not accept the position of either the employee or the carrier but rather held the carrier would be bound by the finding of the Division of Workmen's Compensation if the carrier knew or should have known of the pendency of the compensation proceeding or if it inexcusably failed to intervene to reopen those proceedings when it learned of the award. The Appellate Division retained the appeal pending an application by the carrier to reopen the compensation matter, saying that if it should be reopened, the Division of Workmen's Compensation should try the issue as to the date of the accident. We granted the carrier's petition for certification. 48 *N. J.* 577 (1967).

The carrier does not dispute the employer's liability to the employee. It accepts the findings in the award that the employee was an employee of the employer, that he was injured by an accident which arose out of and in the course of the employment, and that he suffered the disability found therein. The carrier concedes the employer's liability but

---

[1] The employee declined to procure the testimony necessary to review the trial court's factual finding.

says it does not cover the claim because the accident antedated its contractual undertaking. Thus it disputes the compensation award only insofar as it recites or fixes the date of the event. The date was immaterial in the compensation proceeding, since the employer was liable whether the accident occurred on the 6th or the 7th. Indeed, if the employer had sought to defend on the ground of a discrepancy as to date, the defense would have been rejected summarily.

■■ Thus the coverage question does not depend upon an issue material to the litigation between the employee and the employer. The resolution of the employee's claim against the employer would not have settled the coverage problem. More than that, if the Division of Workmen's Compensation somehow accepted the issue in the trial of the employee's claim against the employer, the carrier could not have asserted its position in the employer's name, for a carrier may not so defend an insured as to leave him liable and uncovered. An attorney, engaged by the carrier to defend in the insured's name, could not ethically seek such a result. See *Szabo v. Standard Commercial Body Corp.*, 221 *App. Div.* 722, 225 *N. Y. S.* 332 (*3d Dept.* 1927). That would have been the case here since, if the carrier succeeded in its position that the critical date was the 6th, the employer would have been left with an uninsured compensation liability.

■ A carrier's contractual right to defend presupposes that if the defense fails, the carrier will pay. *Merchants Indemnity Corp. v. Eggleston,* 37 *N. J.* 114, 127 (1962). Hence it is settled that a carrier is estopped to deny coverage of an action it undertakes to defend. This being so, it would be arbitrary to say also that a carrier which declines to incur an estoppel by defending is equally barred from a hearing as to coverage because of a finding made in the suit it could not safely defend. Elementary fairness demands a proceeding in which the differences between the insurer and the insured may be tried. Ideally the injured claimant should be there as well, so that he may also be heard and concluded upon the issue of the carrier's liability. The compensation statute

offers a ready vehicle to that end, for it expressly authorizes the employee to join the carrier as a party respondent to the petition for compensation. *R. S.* 34:15–84; *Belanowitz v. Travelers Insurance Co.,* 125 *N. J. L.* 301, 307 (*E. & A.* 1940). Here the employee, although aware of the carrier's denial of coverage, chose to proceed against the employer alone.

A carrier may no doubt intervene in the compensation proceeding to obtain a decision in a three-way dispute over the critical fact upon which coverage depends. And it must intervene if it also wishes to be heard on the question whether the employer is liable to the employee, since *R. S.* 34:15–85 provides that the carrier is bound by the findings made in the primary controversy between the employee and employer. No doubt an employer may implead the carrier, and one carrier may implead another and should when the question is which carrier must bear the burden of the employer's liability to the employee. The statute, however, does not require a carrier to intervene to assert it is not liable. But a carrier's failure to intervene does not disadvantage the employee. He ought to know whether he intends ultimately to pursue the carrier despite the claim of noncoverage, and if the employee is so minded, it rests with him to decide whether to join the carrier in the compensation proceeding as *R. S.* 34:15–84 authorizes, or to pursue the carrier thereafter in an action on the award, as the same section permits and as the employee did in this case. But it would serve no defensible end to permit the employee to foreclose a hearing on coverage by proceeding against the employer alone upon a petition which the carrier could not defend in the employer's name without incurring a fatal estoppel.

This matter cannot be distinguished from *American Mutual Liability Insurance Co. of Boston v. Chodosh,* 123 *N. J. L.* 81 (*Sup. Ct.* 1939), affirmed o. b., 124 *N. J. L.* 561 (*E. & A.* 1940). As an examination of the record in that case reveals, the compensation petition alleged the deceased suffered a fatal accident while painting a roof of the employer's

"plant." If that were true, the carrier would have been liable. But the carrier contended the deceased in fact was painting the roof of a summer house upon residential property owned by the insured, and that such work was not within the schedule of operations covered by the policy. The employer alone was named a respondent in the compensation proceedings. As between the deceased and the employer, it was immaterial whether the work was on the business plant or on the summer house, but the *situs* of the work did bear upon the coverage issue the carrier wanted to project. In a subsequent action against the carrier based upon the compensation award, it was held that although the carrier could not relitigate any essential issue involved in the proceeding between the deceased and the employer, *i. e.*, that the deceased was an employee, that he suffered a fatal accident arising out of and in the course of that employment, and the amount of the death benefits, nonetheless the carrier could not be foreclosed by the "finding" in the award that the deceased was injured while painting the roof of "the plant" from being heard upon whether it was the actual *situs* of the accident. Indeed it was adjudged that the employee was injured while painting the summer house notwithstanding the recital in the compensation award.

The principle of *Chodosh* was accepted in *Belanowitz v. Travelers Insurance Co., supra,* 125 *N. J. L.* 301, and later in *Raab v. American Casualty Co.,* 4 *N. J.* 303, 305 (1950), where we repeated:

"The determination of the Bureau is *res adjudicata* as to the liability of the employer to pay the award but the judgment so rendered does not preclude the carrier's being heard on the question of its responsibility. The petitioner still has the burden of showing the accident came within the limitations of the contract so as to render the carrier liable. *American Mutual Liability Ins. Co. of Boston v. Chodosh,* 123 *N. J. L.* 81 (*Sup. Ct.* 1939), affirmed, 124 *N. J. L.* 561 (*E. & A.* 1940). * * *"

The employee says these cases were silently overruled in *Scaglione v. St. Paul-Mercury Indemnity Co.,* 26 *N. J.* 225

(1958), and 28 *N. J.* 88 (1958). They were not. In *Scaglione* the carrier had declined to defend the compensation petition filed against the employer alone because it thought there was no coverage. After the award, the carrier discovered it was in error and hence that it should have defended. In the action by the employee against it, the carrier tried to relitigate the question whether the employer was liable to the employee. We held that the carrier, who had notice of the compensation proceeding, was bound by the award insofar as it adjudged the employer's liability to the employee, and hence the carrier could be heard on that subject only if it could persuade the Division of Workmen's Compensation to reopen the award. The carrier thereupon applied to the Division for a reopening but failed to show excusable neglect. *Scaglione* did not touch the proposition of *Chodosh, Belanowitz* and *Raab* that a carrier is entitled to be heard upon an issue of *coverage* in an action to which it is a named party.

▮ Hence the trial court in the instant matter correctly held the carrier was not bound by the finding in the compensation award as to the date of the accident. The court tried that factual issue and decided it, and therefore the coverage question, in the carrier's favor. As we have said, the employee did not challenge that factual finding upon its appeal to the Appellate Division. The carrier was entitled to prevail on that appeal.

▮ We should add a word about the carrier's sweeping contention that the Division of Workmen's Compensation cannot settle a coverage dispute even if the carrier is a named party to the compensation proceeding. The carrier cites *Goldmann v. Johanna Farms, Inc.,* 26 *N. J. Super.* 550, 555 (*Cty. Ct.* 1953). See also, *United National Indemnity Co. v. Sangiuliano,* 38 *N. J. Super.* 400, 411 (*Law Div.* 1955), and *Jordan v. Ferro,* 67 *N. J. Super.* 188, 197 (*Cty. Ct.* 1961). Its position may be traced to a statement in *Chodosh, supra,* 123 *N. J. L.,* at *p.* 84, that "the jurisdiction of the bureau [now the Division of Workmen's Compensation] extends only to whether the injury or death by accident arose out of and

in the course of the employment. It has no authority to determine an issue like the one here presented." We see no reason why the Division cannot pass upon coverage. Surely where coverage depends, as here, upon a simple finding of fact, there is no visible barrier. But even if a complex issue of policy or statutory construction is involved, we see no reason to say the Division lacks "jurisdiction." Since the statute permits a direct proceeding in the Division against the carrier, it reasonably imports authority in the agency to decide whether the carrier covers the claim. See, 2 *Larson, Workmen's Compensation Law* § 92.40, *p.* 448 (1961). *Chodosh* should therefore be read to mean only that there was no jurisdiction over the coverage issue in that case because the carrier was not a named party to the compensation proceeding.

The judgment of the Appellate Division is reversed and the judgment of the trial court is affirmed. No costs.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR and GOLDMANN—5.

*For affirmance*—None.