588 A.2d 399

MAX SHERWOOD, PETITIONER–RESPONDENT, v. E.H. JOHNSON AND UNINSURED EMPLOYERS FUND, RESPONDENTS–RESPONDENTS, AND FRANK MCHUGH AGENCY AND UTICA MUTUAL INSURANCE COMPANY, RESPONDENTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 24, 1991—Decided March 14, 1991.

Before Judges KING, R.S. COHEN and STERN.

*Donald J. Sears,* argued the cause for appellants (*Busch & Busch,* attorneys).

*Thomas R. Smith,* argued the cause for respondent Sherwood (*Pellettieri, Rabstein & Altman,* attorneys).

No appearance on behalf of respondents, Uninsured Employers Fund or E.H. Johnson.

The opinion of the court was delivered by

KING, P.J.A.D.

We granted leave to appeal in this case to decide if the Division of Workers' Compensation had jurisdiction to adjudi-

cate the liability of an allegedly negligent insurance broker and his errors and omissions carrier to its principal, the injured workman's employer. We conclude that the Division has no jurisdiction over a claim by an employer against its broker and his professional liability insurance carrier brought on the ground that the broker negligently failed to provide appropriate workers' compensation coverage as requested. We reverse.

Petitioner Max Sherwood filed a claim petition in August 1989 alleging a work-related accident in May 1989 while employed by E.H. Johnson (Johnson), the respondent in the Division. Johnson admitted the employment relationship but denied a compensable accident. Johnson also admitted that it was uninsured for workers' compensation purposes.

Sherwood then moved to join Frank McHugh Agency (McHugh) and its errors and omissions insurance carrier, Utica Mutual Insurance Company, in the Division as corespondents on the theory that McHugh negligently failed to write the requisite workers' compensation policy for Johnson as requested. McHugh did produce a general comprehensive liability policy with Harleysville Insurance Company for the policy period encompassing the date of the accident. Sherwood also joined the Uninsured Employers' Fund because of Johnson's uninsured status. *See N.J.S.A.* 34:15–120.1 to –120.8. The Fund is liable for medical expenses and temporary disability benefits only, not for permanent disability benefits. *See N.J. S.A.* 34:15–120.2, as amended *L.* 1988, *c.* 25, § 2. The Fund is subrogated to the rights of the employee to the extent of any payment. *N.J.S.A.* 34:15–120.5.

The Judge of Compensation concluded that the Supreme Court's decision in *Williams v. Bituminous Casualty Corp.,* 51 *N.J.* 146, 238 *A.*2d 177 (1968), had sufficiently expanded the Division's jurisdiction to allow adjudication of this type of liability insurance claim. The Division has "exclusive original jurisdiction of all claims for workers' compensation benefits under this chapter." *N.J.S.A.* 34:15–49.

■ We have recently reiterated that "the Division may only exercise these powers expressly allocated to it or those which are fairly implied as an incident to its expressly granted powers." *Hajnas v. Englehard Mining & Chem. Co.*, 231 *N.J.Super.* 353, 361, 555 *A.*2d 716 (App.Div.1989). The Division is a specialized administrative agency, not a court of law with general jurisdiction to decide common-law rights. *See Young v. Western Elec. Co. Ins. Inc.*, 96 *N.J.* 220, 225–231, 475 *A.*2d 544 (1984). The claim asserted here arises from a breach of common-law duty by McHugh, the insurance broker, to its client, Johnson. *See Rider v. Lynch*, 42 *N.J.* 465, 476–477, 201 *A.*2d 561 (1964). A jury trial on this money damage claim is guaranteed under our constitution. *See Weinisch v. Sawyer*, 123 *N.J.* 333, 344, 587 *A.*2d 615 (1991).

■ The subject of the Division's jurisdiction over ancillary insurance disputes was discussed in *Williams* in *dictum* by Chief Justice Weintraub:

> We should add a word about the carrier's sweeping contention that the Division of Workmen's Compensation cannot settle a coverage dispute even if the carrier is a named party to the compensation proceeding. The carrier cites *Goldmann v. Johanna Farms, Inc.*, 26 *N.J.Super.* 550, 555 [98 *A.*2d 142] (Cty.Ct.1953). See also, *United National Indemnity Co. v. Sangiuliano*, 38 *N.J.Super.* 400, 411 [119 *A.*2d 35] (Law Div.1955), and *Jordan v. Ferro*, 67 *N.J.Super.* 188, 197 [170 *A.*2d 69] (Cty.Ct.1961). Its position may be traced to a statement in [*American Mut. Liability Ins. Co. of Boston v.*] *Chodosh, supra*, 123 *N.J.L.* [81], at p. 84 [8 *A.*2d 64 (1939)], that "the jurisdiction of the bureau [now the Division of Workmen's Compensation] extends only to whether the injury or death by accident arose out of and in the course of the employment. It has no authority to determine an issue like the one here presented." We see no reason why the Division cannot pass upon coverage. Surely where coverage depends, as here, upon a simple finding of fact, there is no visible barrier. But even if a complex issue of policy or statutory construction is involved, we see no reason to say the Division lacks "jurisdiction." Since the statute permits a direct proceeding in the Division against the carrier, it reasonably imports authority in the agency to decide whether the carrier covers the claim. See, 2 *Larson Workmen's Compensation Law* § 92.40, p. 448 (1961). *Chodosh* should therefore be read to mean only that there was no jurisdiction over the coverage issue in that case because the carrier was not a named party to the compensation proceeding. [*Williams v. Bituminous Casualty Corp*, 51 *N.J.* at 152–153, 238 *A.*2d 177].

In *Williams* the Supreme Court addressed the workers' compensation coverage dispute between the employer, and inferentially the affected employee, and the workers' compensation carrier. The statutes discussed in *Williams* concerned only the workers' compensation insurance policy covering the employer. See *N.J.S.A.* 34:15–83; :15–84; :15–85; :15–86. We find nothing in *Williams* which suggests that the Division has jurisdiction over a common-law dispute between the employer and its insurance broker or the broker's professional liability carrier. The entire discussion in *Williams* concerned the workers' compensation policy. We are loathe to extend its ambit to malpractice claims by the employer against his broker, a relationship beyond the scope of the regulatory statute and a relationship in which the worker is not involved.

In *Williams,* Chief Justice Weintraub relied in part on 2 *Larson Workers' Compensation Law* § 92.40 at 448 (1961), in concluding that the statute "reasonably imports authority in the agency to decide whether the [workers' compensation] carrier covers the claim." *Williams* 51 *N.J.* at 153, 238 *A.*2d 177. Indeed, as Chief Justice pointed out, "the statute [*N.J. S.A.* 34:15–84][1] permits a direct proceeding in the Division against the [workers' compensation] carrier...." *Williams* at 153, 238 *A.*2d 177. *Larson* today describes the general rule this way: "... [w]hen it is ancillary to the determination of the employee's right, the compensation commission has authority to pass upon a question relating to the insurance policy, including fraud in procurement, mistake by the parties, reformation of

---

[1]*N.J.S.A.* 34:15–84 states:

> Every such contract shall further provide, or be construed to provide, that any injured employee or his dependents may enforce the provisions thereof to his or their benefit, either by agreement with the employer and the insurance carrier, in event that compensation be settled by agreement, or by joining the insurance carrier with the employer in his petition filed for the purpose of enforcing his claim for compensation, or by subsequent application to the County Court, upon the failure of the employer, for any reason, to make adequate and continuous compensation payments.

the policy, cancellation, existence or validity of an insurance contract, coverage of the policy at the time of the injury, and construction of extent of coverage." 4 *Larson Workmen's Compensation Law*, § 92.41 at 17–44 (1990) (citing *Williams v. Bituminous* at n. 47, a case involving existence of a contract on date of accident). *Larson* describes the general rule as "of course, in harmony with the conception of compensation insurance as being something more than an independent contractual matter between insurer and insured." *Ibid.* In the next section *Larson* discusses "court jurisdiction of insurance questions when rights of employee not involved," 4 *Larson*, § 92.42 at 17–54 (1990). *Larson* states: "On the other hand, when the rights of the employee are not at stake, many commissions disavow jurisdiction and send the parties to the courts for relief." *Ibid.* *Larson* gives examples of deference to common-law court jurisdiction "when the question is purely one between two insurers" or "when the insured and the insurer have some dispute entirely between themselves about the validity or coverage of the policy or the sharing of the admitted liability." *Ibid.*

All of the cases where the compensation tribunals have adjudicated insurance carriers rights involved the workers' compensation policy only. None involved any other kind of policy or the liability of an insurance broker or agent to their principal or the liability of any other third person to the employer. Only two cases cited in § 92.42 (non-exercise of jurisdiction) appear to relate to claims against an insurance broker by a disappointed employee-insured. *See Jernigan v. New Amsterdam Casualty Company*, 74 *N.M.*, 37, 390 *P.*2d 278 (1964) (Compensation Act statute of limitation not applicable in common-law suit by insured against negligent insurance broker); *Hughes, Harrison & Brown v. Wm. F. Slack, Inc.*, 70 *A.D.*2d 874, 417 *N.Y.S.* 2d 112 (App.Div.1979) (common-law damage action or impleader at law for indemnity against broker proper remedy). These cases both indicate that claims against insurance brokers for negligence belong in the law courts and not in the compensation tribunal under a species of ancillary jurisdiction. Indeed,

no authority we could find even suggests that these common-law claims before us belong in the Division of Workers' Compensation.

We recognize that incident to its primary jurisdiction, the Division may consider and order reimbursements among insurance carriers, see *N.J.S.A.* 34:15–15.1 and *N.J.S.A.* 39:6A–6, and *Aetna Casualty & Surety Co. v. Para Mfg. Co.*, 176 *N.J.Super.* 532, 424 *A.*2d 423 (App.Div.1980) (Milmed, J.A.D., dissenting), and may consider certain set-offs and credits between the parties which affect the amount of its final award. *Hajnas v. Englehard Mining & Chem. Co.*, 231 *N.J.Super.* at 361, 555 *A.*2d 716; see *Young v. Western Elec. Co.*, 96 *N.J.* at 225, 227, 475 *A.*2d 544. In these circumstances, there was some statutory basis for the exercise of jurisdiction and the issue related entirely to the amount of the net award received by the injured employee after consideration of other sources of compensation, *e.g.*, Personal Injury Protection, Unemployment Compensation, Temporary Disability Benefits, disability pension benefits, duplicate benefits, or, as in *Hajnas*, recovery of over-payment of an award because of remarriage. But we agree with *Hajnas* that "notwithstanding such inherent jurisdiction, the Division's jurisdiction to enter an enforceable general money judgment against one other than an employer or its insurance carrier in connection with such a review appears highly questionable." *Hajnas*, 231 *N.J.Super.* at 353, 555 *A.*2d 716. We think the Division's power to entertain, to try, and to adjudicate a common-law suit for breach of duty against the employer's insurance broker and its carrier is even more questionable.

The injured employee urges us to affirm because of the policies undergirding the "entire controversy" doctrine. *See Cogdell v. Hospital Center at Orange*, 116 *N.J.* 7, 560 *A.*2d 1169 (1989). We find the doctrine irrelevant in the absence of jurisdiction in the Division.

Reversed and remanded to the Law Division.