947 A.2d 693

GEORGE FRAPPIER, PETITIONER–RESPONDENT, v. EASTERN
LOGISTICS, INC., RESPONDENT–RESPONDENT.

JERSEY SHORE UNIVERSITY MEDICAL CENTER,
INTERVENOR–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 6, 2008—Decided May 30, 2008.

Before Judges COBURN, FUENTES and GRALL.

*James S. Gkonos of the Pennsylvania bar,* admitted pro hac vice, argued the cause for appellant *Acuity Insurance Company* (*Saul Ewing,* attorneys; *Michael J. Conlan and Christine M. Pickel,* on the brief).

*Eli Eytan* argued the cause for respondent *George Frappier* (*Sellitto Law Firm, LLC* attorneys; *Mr. Eytan,* on the brief).

*Shebell & Shebell,* attorneys for respondent *Eastern Logistics* (*Celine M. Vitale,* on the letter relying on the brief filed on behalf of intervenor-respondent *Jersey Shore University Medical Center* ).

*Steven Stadtmauer* argued the cause for intervenor-respondent Jersey Shore University Medical Center (*Celentano Stadtmauer & Walentowicz, LLP,* attorneys; *Mr. Stadtmauer,* of counsel and on the brief).

The opinion of the court was delivered by

GRALL, J.A.D.

George Frappier, a truck driver and a New Jersey resident, was injured in a motor vehicle accident in New York. Frappier filed claim petitions with the Division of Workers' Compensation (Division) seeking relief pursuant to New Jersey's Workers' Compensation Act (the Act), *N.J.S.A.* 34:15–1 to –128. Frappier alleged that the accident occurred during and arose from his employment with Eastern Logistics, Inc. (Logistics) and Eastern Express, Inc. (Express). Logistics defended on the ground that Frappier worked as an independent contractor and was not an employee covered by the Act. Acuity Insurance Company, Inc. (Acuity) provided a defense to Logistics but reserved its right to disclaim coverage. Jersey Shore University Medical Center (JSMC) moved to intervene in Frappier's action to recover the cost of medical services it provided. The Uninsured Employer's Fund apparently was joined as a party on Frappier's motion because Express claimed that it is uninsured.[1]

By leave granted, Acuity appeals from an interlocutory order estopping it "from denying coverage for truck drivers." [2] Because Acuity was not a party to the proceeding in the Division and the judge of compensation had not determined whether Frappier was an employee or independent contractor at the time of the accident, it was improper for the judge of compensation to exercise the

---

[1] The record on appeal does not include an answer to the petition filed by Express. It is, however, clear that Express appeared in the Division and had representation separate from Logistics.

[2] This court entered that order on JSMC's motion to dismiss the appeal as interlocutory.

Division's ancillary authority to address insurance coverage. Accordingly, we vacate the order and remand.

Frappier leased and operated his truck pursuant to an "independent contractor lease" with Express. The agreement requires Frappier to lease a tractor trailer and its driver to Express in return for a share of the revenues derived. The agreement gives Express exclusive possession and control of the equipment and full responsibility for its operation "as to all third parties and the public at large" without "modify[ing], alter[ing] or affect[ing Frappier's] status as an Independent Contractor, and *not* an employee of" Express. The agreement declares that personnel furnished by Frappier are his employees and requires Frappier to provide workers' compensation insurance for them. Frappier sought compensation for injuries he sustained while driving the truck.

As previously noted, Acuity provided and Logistics accepted a defense offered with a reservation of Acuity's right to disclaim coverage. Frappier claimed that he had no formal notice of Acuity's reservation of rights. After learning about the reservation of rights, Frappier's attorney moved to join Acuity in the proceeding and estop Acuity from denying coverage.

Acuity opposed Frappier's motion. The insurer objected to the Division's exercise of personal jurisdiction over Acuity and its exercise of subject matter jurisdiction over this coverage dispute. Acuity also raised its reservation of rights as a defense to Frappier's claim of estoppel.

The judge of compensation denied Frappier's motion to join Acuity on the ground that Acuity was already in the case. Without addressing Acuity's reservation of rights, the judge determined that, because Acuity had provided a defense, it was estopped from denying coverage.

■ "The Division of Workers' Compensation is an administrative agency. As such, the Division has the right to exercise only those powers that are expressly and duly delegated to it or that are impliedly incident to those expressly granted powers." *Young*

*v. W. Elec. Co., Inc.*, 96 *N.J.* 220, 225, 475 *A.*2d 544 (1984) (citations omitted); *Sherwood v. Johnson*, 246 *N.J.Super.* 530, 532–33, 588 *A.*2d 399 (App.Div.1991); *Hajnas v. Engelhard Mineral & Chem. Co.*, 231 *N.J.Super.* 353, 361, 555 *A.*2d 716 (App.Div. 1989).

■ The Act gives the Division "exclusive original jurisdiction of all claims for workers' compensation benefits" where there is a sufficient connection with New Jersey. *N.J.S.A.* 34:15–49; *Connolly v. Port Auth. of New York and New Jersey*, 317 *N.J.Super.* 315, 323, 722 *A.*2d 110 (App.Div.1998). The Division's jurisdiction over claims for accidental injuries extends only to claims by an employee against an employer. *N.J.S.A.* 34:15–49; *Handleman v. Marwen Stores Corp.*, 53 *N.J.* 404, 412, 251 *A.*2d 122 (1969); *Hajnas, supra*, 231 *N.J.Super.* at 361, 555 *A.*2d 716. A person who is an "employee" is entitled to workers' compensation, and a person who is an "independent contractor" is not. *Lesniewski v. W.B. Furze Corp.*, 308 *N.J.Super.* 270, 280–86, 705 *A.*2d 1243 (App.Div.1998) (stating the proposition and discussing various tests used to distinguish employees and independent contractors for purposes of entitlement to workers' compensation); *see Caicco v. Toto Bros., Inc.*, 62 *N.J.* 305, 309–12, 301 *A.*2d 143 (1973) (discussing standards and this court's decision in *Tofani v. Lo Biondo Bros. Motor Express, Inc.*, 83 *N.J.Super.* 480, 200 *A.*2d 493 (App.Div.), *aff'd o.b.*, 43 *N.J.* 494, 205 *A.*2d 736 (1964), which addresses an arrangement whereby a truck driver leased and drove his own truck); *N.J.S.A.* 34:15–1; *N.J.S.A.* 34:15–36.

■ There is no question that a judge of compensation may address a coverage issue relevant to a claim for compensation within its jurisdiction. Because *N.J.S.A.* 34:15–84 "permits a direct proceeding in the Division against the carrier, it reasonably imports authority in the agency to decide whether the carrier covers the claim" at issue in the Division. *Williams v. Bituminous Cas. Corp.*, 51 *N.J.* 146, 153, 238 *A.*2d 177 (1968).

The Division's jurisdiction over coverage disputes is, however, ancillary to its jurisdiction over the underlying claim. *Sherwood, supra,* 246 *N.J.Super.* at 534–36, 588 *A.*2d 399, *see also* 9 *Larson's Workers' Compensation Law* § 150.04 (2007). The Division's authority to decide questions of coverage is the authority "to decide whether the carrier covers the claim." *Williams, supra,* 51 *N.J.* at 153, 238 *A.*2d 177. In order for the Division to exercise that authority, there must be a statutory basis for the exercise of jurisdiction over the claim that is the subject of the coverage dispute, and the coverage dispute must be related to that claim. *Ibid.; see generally Peacock v. Thomas,* 516 *U.S.* 349, 356, 116 *S.Ct.* 862, 868, 133 *L.Ed.*2d 817 (1996) (noting that a federal court exercising its statutorily granted supplemental jurisdiction "must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims"). Even then, exercise of that ancillary jurisdiction is improper if the "carrier [is] not a named party to the compensation proceeding." *Williams, supra,* 51 *N.J.* at 153, 238 *A.*2d 177; *see id.* at 151–53, 238 *A.*2d 177 (explaining *Am. Mut. Liab. Ins. Co. of Boston v. Chodosh,* 123 *N.J.L.* 81, 8 *A.*2d 64 (Sup.Ct.1939), *aff'd o.b.,* 124 *N.J.L.* 561, 12 *A.*2d 890 (E. & A.1940)). An insurer does not become a party to a proceeding in the Division by providing a defense to an insured subject to a reservation of rights. *See Montanez v. Irizarry–Rodriguez,* 273 *N.J.Super.* 276, 285, 641 *A.*2d 1079 (App.Div.1994) (quoting *Newman v. Stocker,* 161 *Md.* 552, 157 *A.* 761, 763 (1932)).

The order estopping Acuity was the product of an improvident exercise of the Division's jurisdiction to address insurance coverage. The judge did not grant Frappier's motion to join Acuity as a party to the action. Moreover, because the judge had not yet determined whether Frappier was an employee, entitled to the protection of the Act, or an independent contractor, not covered by the provisions of the Act, it was not clear that a resolution of the insurance coverage issue would be necessary to a determination of Frappier's claim. *See Sherwood, supra,* 246 *N.J.Super.* at 535, 588 *A.*2d 399 (discussing ancillary jurisdiction).

If Frappier is not an "employee" who is entitled to workers' compensation, the Division will have no reason to address rights under the policy of insurance issued by Acuity or any authority to enter any order against Acuity. *See N.J.S.A.* 34:15–83; *N.J.S.A.* 34:15–84; *N.J.S.A.* 34:15–85. Accordingly, we vacate the order estopping Acuity and remand for further proceedings on the claim petition.[3]

Until the issue of Frappier's status as an employee is resolved, there is no reason for the Division to consider the question of estoppel. At this point, Acuity is providing a defense under a reservation of rights in circumstances that do not present any conflict between its interests and the interests of Logistics; both take the position that Frappier was not an employee at the time of the accident. *See New Jersey Mfrs. Ins. Co. v. Vizcaino,* 392 *N.J.Super.* 366, 920 *A.2d* 754 (App.Div.2007) (discussing the duty to defend in cases involving covered and uncovered claims). Thus, there presently is no dispute between Acuity and Logistics that the Division must address.

We also note that, if and when it is necessary to reach the question of estoppel, the judge of compensation cannot estop Acuity from denying coverage without considering the validity of Acuity's reservation of rights. *See Goldmann v. Lumber Mut. Cas. Ins. Co. of N.Y.,* 30 *N.J.Super.* 281, 285, 104 *A.2d* 334 (1954) (noting that a carrier may be estopped from questioning the Division's determination of an employer's liability if the carrier undertook the employer's defense without disclaiming liability or reserving its rights); *see also Merchs. Indem. Corp. v. Eggleston,* 37 *N.J.* 114, 126, 179 *A.2d* 505 (1962) (discussing circumstances and consequences of a valid reservation of rights). We recognize the Supreme Court has stated that "it is settled that a carrier is

---

[3] The judge of compensation issued a supplemental decision suggesting that Acuity has sought to withdraw the defense, but there is nothing in the record that supports that conclusion. At argument on the motion, the attorneys for Acuity and Logistics both acknowledged that Acuity was providing a defense subject to a reservation of rights that Logistics accepted.

estopped to deny coverage of an action it undertakes to defend."
*Williams, supra*, 51 *N.J.* at 149, 238 *A.*2d 177. That broad
statement, however, was made in a case that did not involve a
reservation of rights and cannot be read as precluding a workers'
compensation insurer from providing a defense under a reserva-
tion of rights where it asserts a position favorable to the insured,
such as non-liability based on employment status. *See id.* at 148–
49, 238 *A.*2d 177.

The order from which the appeal is taken is vacated. We
decline to consider issues raised on this appeal that the judge of
compensation has not yet addressed—*i.e.,* claims that even if there
is an employment relationship, it is with Express and not Logistics
and lacks a sufficient connection with New Jersey to warrant
exercise of the Division's jurisdiction. *Nieder v. Royal Indem.
Ins. Co.,* 62 *N.J.* 229, 234, 300 *A.*2d 142 (1973). If the necessary
factual record has been developed, it has not been presented to us
on appeal. In any event, the Division should address these
questions relevant to its jurisdiction in the first instance and prior
to addressing any claim of estoppel.